

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

| | | | |
|---|---|---|---|
| *David I. Salem* | *Mailing Address:* | *Office Location:* | DIRECT: 301-344-4237 |
| *Assistant United States Attorney* | 6500 Cherrywood Lane, Suite 200 | 6406 Ivy Lane, 8th Floor | MAIN: 301-344-4433 |
| David.Salem@usdoj.gov | Greenbelt, MD 20770-1249 | Greenbelt, MD 20770-1249 | FAX: 301-344-4516 |

May 17, 2021

The Honorable Paula Xinis
United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *United States v. Jeremy Schulman*
                Criminal No.: PX-17-0434

Dear Judge Xinis:

      The Government submits this letter in response to Defendant Jeremy Schulman's letter dated May 10, 2021 (the "May 10 Letter"). (ECF 33.) The Government agrees that a discovery dispute has arisen among the parties and that good faith efforts to resolve the dispute have been unsuccessful, at least in part. The Government thus does not object to the Defendant's request for leave to file a motion.

      For the reasons set forth below, however, the Government objects to Defendant's request to file an *ex parte* submission in support of the motion. The contemplated *ex parte* submission is predicated on the Defendant's purported need to shield his trial strategy from the Government. The Defendant's trial strategy, however, is irrelevant to the issue at hand, which is whether the Government has an obligation to search for materials from agencies that are not part of the prosecution team. Because Defendant cannot make the threshold showing that information from the IC is in the Government's possession, custody or control, his trial strategy is irrelevant here and his request to file an *ex parte* submission should be denied.

      **<u>Background: the Defendant's Discovery Request and the Government's Response</u>**

      Despite the Government's general agreement with the Defendant's characterization of the parties' good faith efforts to resolve a discovery dispute, the Government must clarify two points related to the Defendant's discovery request and the Government's response.

      The Defendant's discovery request promulgated by letter dated February 23, 2021 (the "IC Request") is not, as the Defendant writes in the May 10 Letter, "narrowly tailored and discrete." May 10 Letter, p. 2. Rather, the IC Request demands that the Government search for records from the entirety of the intelligence community. The Defendant cites five specific intelligence agencies as among those agencies from which he demands that the Government search for records—an undertaking that, on its own, would be neither narrow nor discrete— but the IC Request is not

limited to those five agencies.  Instead, the IC Request states, "[f]or purposes of this request, the IC *includes but is not limited* to (a) the Central Intelligence Agency, (b) the Bureau of Intelligence and Research of the U.S. Department of State, (c) the Office of Terrorism and Financial Intelligence of the U.S. Department of the Treasury, (d) the Intelligence Branch of the Federal Bureau of Investigation and (e) the National Security Agency of the U.S. Department of Defense" (emphasis added).  As the Defendant states himself, the IC is generally understood to be comprised of "not fewer than eighteen federal agencies."  May 10 Letter, n. 3.  In the anticipated motion by the Defendant, the Government respectfully urges the Defendant to clarify the scope of the request.

With respect to the Government's response, which it provided by letter dated April 3, 2021, the Government "agreed . . . to exercise our discretion to make some additional inquiries outside our respective Offices based on our discussions with you and consistent with our responsibilities under *Brady, Giglio,* and Rule 16."  Those inquiries are ongoing, and the Government's undertakings represent a significant effort to provide the Defendant with more information than strictly required by the Government's legal obligations.  This additional work, however, does not mean that the Government is now obligated to search through even more sources.

Beyond those above-mentioned inquires, the Government did reject the thrust of the Defendant's IC Request.  In short, the Government stated that the request (1) sought information that is not in the possession, custody or control of the prosecution team; and, (2) in many instances, sought information that is irrelevant to the criminal charges.  As the Government set forth in its letter, the investigation that led to the indictment of the Defendant was conducted by a team comprised of prosecutors, special agents and other personnel from the U.S. Attorney's Office for the District of Maryland, the Fraud Section of the Criminal Division, the Federal Bureau of Investigation, and Internal Revenue Service-Criminal Investigations. There are no other agencies or offices that were part of the prosecution team, or that conducted any investigation jointly with the prosecution.  Further, many of the other components of the IC Request sought entire buckets of information that appear wholly unrelated to the charged crimes.   Accordingly, the Government believes that the IC Request seeks to impose unwarranted obligations on the Government.  We will expand on these points in response to the anticipated motion.

### The Government Opposes the Requested *Ex Parte* Submission

Although the Government does not oppose the Defendant's request to file its motion, the Government opposes the requested *ex parte* submission in support of the motion.  The Defendant seeks to impose discovery obligations on the Government—and to obtain access to potentially sensitive and/or classified information from the IC—through a submission that the Government would be unable to evaluate, consider and address in response.  The Court should not have to evaluate the merits of the Defendant's submission in support of his motion without the benefit of the full adversarial process.  Nor should the Government have to incur expanded discovery obligations, at the risk of the disclosure of sensitive or classified information, on the basis of an unchallenged and unknown *ex parte* submission.

The Defendant cites no authority or precedent for such a submission.  *See* May 10 Letter, 2.  Nor does the Defendant provide a cogent rationale in favor of it.  Rather, the Defendant relies on a paper-thin reference to concerns about disclosing his trial strategy or work product.  This argument, if accepted, could extend to any pre-trial motion sought by any litigant anywhere.  Moreover, the Defendant's trial strategy simply has no bearing on whether the Government is required to search for materials from entities that are not part of the prosecution team, which is the

threshold issue raised by the motion. *See, United States v. McDavid*, No. CR S–06–35 MCE, 2007 WL 926664, at *2-3 (E.D. Cal. Mar. 27, 2007) (holding that the Government had no duty to search NSA files merely because the defendant "suggests that the NSA's surveillance program might have included him because he is considered to be among the members" of two terrorist organizations with foreign ties; the defendant must "link [the program] to this prosecution" or show that the prosecution team "has knowledge of and access to any results of the NSA's surveillance"). Accordingly, the Defendant's request to make an *ex parte* submission should be denied. To the extent the Defendant is concerned about the privacy or security of individuals identified in his motion, he can seek leave to file it under seal.

Respectfully submitted,

| | |
|---|---|
| DANIEL KAHN | JONATHAN F. LENZNER |
| Acting Chief | Acting United States Attorney |
| Fraud Section | District of Maryland |
| | |
| /s | /s |
| Jason M. Manning | David I. Salem |
| Amy Markopoulos | Assistant United States Attorney |
| Trial Attorneys | |