**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PX-20-0434** |
| | * | |
| **JEREMY WYETH SCHULMAN,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

## JOINT STATUS REPORT

The United States of America and the Defendant, Jeremy Wyeth Schulman ("Mr. Schulman"), through counsel, hereby jointly submit the following Joint Status Report, as required by the Court's March 1, 2021 Order.

### I.     The Government's Production of Discovery

The Government has produced more than 518,000 pages of electronic documents in discovery through productions made on December 22, 2020; January 11, 2021; January 28, 2021; March 2, 2021; March 16, 2021; March 31, 2021; May 17, 2021; June 11, 2021; and June 22, 2021.   The Government anticipates making an additional production in the near term based on its recent filing with the Court, which remains pending (ECF 36-37).   The Government also has made available for inspection hard copy materials obtained in the investigation that are not available electronically.

The Government believes that its discovery productions to date include everything required to be produced at this time under Rules 16 of the Federal Rules of Criminal Procedure and Local Standing Order 2020-01 (the "Standing Order"), and that its discovery productions also include

1

material that the Government was not required to produce.

The Government's review of its files for other materials that it may choose to produce remains ongoing.   The Government's review of any information that it is required to provide to the defense under *Brady* or *Giglio* also remains ongoing.    The Government provided defense counsel with a letter dated June 22, 2021, setting forth certain information related to Abdiaziz Amalo that arguably constitutes *Brady* or *Giglio* information.   Further, as set forth in the Government's "Opposition to Defendant Jeremy Schulman's Motion to Compel Production of Evidence from Specified Agencies of the U.S. Intelligence Community" (ECF 49), the Government has also made inquiries with certain agencies that the Government submits are outside of the prosecution team and that the Government is not required to inquire of but, in the Government's exercise of discretion, it chose to pursue; those inquiries are now complete.   The Government also intends to produce material required under the Jencks Act on a timetable consistent with the Standing Order.

The parties, as set forth below, disagree with respect to the timing of certain disclosures.

## II.        The Parties' Ongoing Efforts to Meet and Confer

The parties have continued to discuss discovery matters on a regular basis, including by teleconference on May 3, 2021, and through the exchange of letters on four issues raised by defense counsel.   The parties have reached agreement on many issues and are continuing to meet and confer regarding others.

## III.        Pending Motions and Requests for Leave to File Motions

Three issues that are ripe for Court intervention have been brought to the Court's attention to date.   Mr. Schulman's request for leave to file a motion seeking to compel production from

specified agencies of the intelligence community (ECF 33) was granted by the Court (ECF 40), and the motion is now fully briefed (ECF 44-49, 51-53) and scheduled for oral argument on July 8, 2021 (ECF 50).   Mr. Schulman has requested leave to file two other motions, and the Government has submitted letters in response:

- Defendant's request regarding *Giglio* discovery (ECF 34, 41); and

- Defendant's request regarding Department of State Discovery (ECF 42, 43).

These requests remain pending.   The Government does not object to Mr. Schulman's request for leave to file motions regarding *Giglio* and Department of State Discovery.   The Government also has a pending motion filed under seal to which Mr. Schulman does not object.   (ECF 36, 37).

Any additional issues ripe for Court intervention will be addressed in accordance with the procedures set forth in the Court's Standing Order.

**IV.**     **Discovery Issues on Which the Parties Disagree**

Defense counsel submits that certain discovery issues remain outstanding, though defense counsel does not seek the Court's intervention at this time.   Defense counsel will raise these discovery issues in accordance with the procedures set forth in the Court's Standing Order. Mr. Schulman reserves the right to seek the Court's intervention additional discovery issues as they become ripe for the Court's review.

**V.**     **Trial Schedule, Motions and Plea Discussions**

The parties estimate that the trial will take approximately three weeks.   The parties agree that the Government's production of discovery has been voluminous and defense counsel reasonably requires time to evaluate the discovery before proceeding to trial. The parties also believe at this time that there is a possibility of the need for Rule 15 depositions, which must

necessarily take place overseas, and the collection of additional evidence from third parties through Rule 17 subpoenas.

No trial date has yet been set.   It is unclear to the parties whether a meaningful trial date—particularly for a trial of this length—could be established at this time because of the uncertainty surrounding the timing and pace at which full trial schedules will resume.[1]   The parties recommend that they discuss with the Court at the July 8, 2021 status conference when a trial date could be meaningfully established.

Defense counsel anticipates filing a motion to dismiss the indictment.   Because defense counsel's review of discovery is ongoing and because it may need time to review additional discovery, and potentially to meet and confer with the Government related to certain issues, filing such a motion is not imminent.   The parties recommend that the Court establish a motions deadline that appropriately takes those factors into account.   The requested motions deadline should include, but not be limited to, the deadline within which Mr. Schulman may file a motion for a bill of particulars pursuant to Rule 7(f), as well as the deadline within which to assert a defense of actual or believed exercise of public authority pursuant to Rule 12.3(a)(1) of the Federal Rules of Criminal Procedure, or any other defense, including, but not limited to, foreign sovereign immunity.

Mr. Schulman is not interested in pursuing plea discussions and, accordingly, no such discussions have been held or are currently anticipated.

**VI.** **Speedy Trial Act**

The parties hereby jointly request, pursuant to 18 U.S.C. § 3161(h)(7), an Order to

---

[1]     On June 23, 2021, the Court entered Amended Standing Order 2021-07, in which it relaxed certain pandemic mitigative safety measures but did not announce a return to full pre-pandemic operating status.

exclude the time period between June 1, 2021, the date established in the Court's Order dated May 20, 2021, and July 8, 2021, the date of the next pre-trial conference, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c)(1).

"[I]n computing the time within which the trial of any such offense must commence," the Speedy Trial Act excludes "any period of delay" resulting from a judge granting a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h) & (h)(7)(A). Those factors include, but are not limited to, the following:

> (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> ***
>
> (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant of the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.*, § 3161(h)(7)(B).

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Parties submit, as this Court has previously found, that this case involves substantial discovery. The Government's production of discovery, although substantially complete, remains ongoing. Mr. Schulman reasonably requires additional time to review the discovery, evaluate potential motions, and prepare for trial; further, there are discovery disputes that will require the Court's intervention. Moreover, if the Court does not

grant such a continuance, proceeding trial within 70 days would be practically impossible, given substantial circumstances that are outside the parties' control.

For the foregoing reasons, the ends of justice will be served by excluding the time period between the June 1, 2021, and the July 8, 2021 status conference, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant Schulman in a speedy trial.   Mr. Schulman reserves all rights not otherwise addressed herein.   The parties have submitted a proposed Tolling Order to cover the time between the June 1, 2021 and July 8, 2021.

Respectfully submitted,

*Counsel for the United States of America:*

Joseph Beemsterboer          Jonathan F. Lenzner
Acting Chief                       Acting United States Attorney
Fraud Section                     District of Maryland

_____/s/_____          _____/s/_____
Jason M. Manning                  David I. Salem
Amy Markopoulos                  Assistant United States Attorney
Trial Attorneys

*Counsel for the Defendant*:

By:    /s/
       _____
       Paul Butler
       Mark MacDougall
       Allison Thornton
       Melissa Whitaker
       Akin Gump Strauss Hauer & Feld LLP


By:    /s/
       _____
       Stanley Woodward
       Brand Woodward Law

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PX-20-0434** |
| | * | |
| **JEREMY WYETH SCHULMAN,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

**ORDER GRANTING EXTENSION OF TIME TO SUBMIT STATUS REPORT**

Upon consideration of the Parties' joint motion and there being good cause shown, it is

this _____ day of July 2021:

**ORDERED** that **pursuant to 18 U.S.C. § 3161(h)(7), the time period between June 1,**
**2021 and July 8, 2021, be excluded from the time period within which trial must commence**
**under the Speedy Trial Act, 18 U.S.C. § 3161(c).**

DATE: _____          _____
                                                              Hon. Paula Xinis
                                                              United States District Court Judge
                                                              District of Maryland

8