

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

| | | | |
|---|---|---|---|
| *David I. Salem* | *Mailing Address:* | *Office Location:* | DIRECT: 301-344-4237 |
| *Assistant United States Attorney* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | MAIN: 301-344-4433 |
| *David.Salem@usdoj.gov* | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | FAX: 301-344-4516 |

August 27, 2021

The Honorable Paula Xinis
United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *United States v. Jeremy Schulman*
               Criminal No.: PX-20-0434

Dear Judge Xinis:

      The Government submits this letter, after consultation with Mr. Schulman's counsel, in response to that portion of this Court's July 8 Letter Order noting discussion set for the August 30, 2021 dealing with "*Giglio* production as it relates to Amalo (ECF No. 34, 41)."

      As the Court has been made aware, the Government produced a lengthy *Giglio* response on June 22, 2021, attached hereto. In that letter, the Government provided 20 pages of material from memoranda consisting of a Government agent's notes of proffers with Mr. Amalo. Appendix A to that letter set forth various statements of Mr. Amalo that included the date and context of the information provided. As stated to defense counsel in that same letter, "the memoranda themselves are not the statements of Mr. Amalo within the meaning of the Jencks Act. 'The Fourth Circuit consistently has held that a Government agent's notes of proffer sessions do not qualify as Jencks statements.'" *United States v. Beckford*, 962 F. Supp. 780, 803 (E.D. Va. 1997) (citing cases). And consistent with the reasons set forth in the Government's letter to the Court dated May 21, 2021 (ECF 41), the Government refused to produce the full memoranda.

      Mr. Schulman's position with regard to the Government's production of investigative memoranda is that the excerpts provided in Appendix A are insufficient to meet the requirements of *Giglio v. United States* and its progeny. Specifically, the statements provided in Appendix A do not, in isolation, provide adequate context to properly assist Mr. Schulman in the preparation of his trial defense. Likewise, the Government's production does not include any information regarding Mr. Amalo's guilty plea, cooperation agreement with the Government, or his prior criminal record. Mr. Schulman's counsel must conduct extensive pre-trial investigative work, including witness interviews, outside the United States and believes that effort will be stymied by the incomplete nature of the *Giglio* disclosures made by the Government to date. Consistent with Mr. Schulman's request in ECF No. 34, Mr. Schulman requests the Court's leave to file a motion to compel the Government to timely produce *Giglio* evidence related to Mr. Amalo.

The parties have conferred on the issue and Mr. Schulman continues to seek the production of the full memoranda, as well as immediate production of all other *Giglio* material. The immediate production of *Giglio* material sought by Mr. Schulman includes, without limitation, all documentation relating to (a) the guilty plea entered with the Court by Mr. Amalo, (b) all records of arrests or other criminal activity by Mr. Amalo, and (c) any associated agreements with – or promises made by – the Government to Mr. Amalo or any other witness that the Government intends to call at trial.

The Government disagrees to the production generally of the memoranda, and specifically disagrees with the production of other *Giglio* material at this time. To prepare for future discussion on this issue with this Court, the Government is submitting a copy of the June 22 letter to defense counsel, and is prepared to produce the full memoranda *in camera, ex parte*.[1] The defense also disagrees to any *in camera, ex parte* review.

Respectfully submitted,

| | |
|---|---|
| JOSEPH BEEMSTERBOER | JONATHAN F. LENZNER |
| Acting Chief | Acting United States Attorney |
| Fraud Section | District of Maryland |
| | |
| _____/s_____ | _____/s_____ |
| Jason M. Manning | David I. Salem |
| Amy Markopoulos | Assistant United States Attorney |
| Trial Attorneys | |

---

[1] The Government has styled the process as *in camera, ex parte* because it intends to provide the material to the Court for review. It is not the Government's intention to sit with the Court during its review, though it would be available for any follow-up, *ex parte* questions.