IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. PX-20-0434 |
| | : | |
| JEREMY SCHULMAN | : | |

### DEFENDANT JEREMY SCHULMAN'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR CONTINUANCE OF FEBRUARY 15, 2022 HEARING/STATUS CONFERENCE

Defendant Jeremy Schulman, through counsel, respectfully moves this Court to deny the government's Motion for a Continuance of the February 15, 2022 Hearing/Status Conference (the "Motion") for the following reasons:

1. The Parties appeared before the Court at a December 1, 2021 hearing. At that hearing, the Parties agreed to next appear before the Court on February 15, 2022. *See* Tr. of Dec. 1, 2021 Mot. Hr'g 68:15–23.

2. On January 25, 2022, government counsel requested that the February 15, 2022 status conference and hearing be delayed. Defense counsel consented to the hearing being delayed one week, but due to the number of issues before the Court and the prejudice that would be caused to Mr. Schulman by additional delay, could not agree to an additional continuance.

3. The government's Motion should be denied because Mr. Schulman is prejudiced by an additional delay in this case. The discovery motions currently before the Court highlight the continuing prejudice to Mr. Schulman that will result from additional delay. Mr. Schulman urgently needs this Court to rule on outstanding discovery motions so that he may undertake to obtain and preserve testimony of key witnesses. *See* Tr. of Dec. 1, 2021 Mot. Hr'g 22:21–24

(acknowledging the Court's role in managing "bottleneck[s]" between the Parties and the importance of the case moving forward).

4. The government has already delayed this case by not complying with its self-imposed deadline of completing discovery by September 30, 2021, Tr. of Aug. 30, 2021 Mot. Hr'g 92:6–12 and Tr. of Dec. 1, 2021 Mot. Hr'g 59:19–21, and then, by failing to produce discovery from Mr. Amalo's cellular devices by December 17, 2021, as the government represented in the Parties' November 30, 2021 Joint Status Report, ECF No. 95.

5. The government has further delayed this case by failing to produce additional *Giglio* material, ordered to be produced by the Court at the December 1, 2021 hearing, until January 5, 2022. Tr. of Dec. 1, 2021 Mot. Hr'g 6:4–13 (where the Court ordered the government to produce the specified material on a "relatively quick turnaround").

6. The government has also delayed this case by failing to advise defense counsel for 12 days of the government's position on defense counsel's Motion to Conduct a Deposition of Ali A. Amalow ("Governor Amalow") Pursuant to Rule 15 of the Federal Rules of Criminal Procedure. The government further delayed this case by failing to respond to the Motion to Conduct a Deposition of Ali A. Amalow within 14 days as required by L.R. 105.2.a. As the Court noted at the December 1, 2021 status hearing, Governor Amalow's testimony must be preserved as quickly as possible. Tr. of Dec. 1, 2021 Mot. Hr'g 13:6–9 ("With regard to the witness who you just learned is suffering from dementia, are there efforts to memorialize that witness' testimony like immediately in whatever form you can?").

7. The government has also delayed this case by failing to file its opposition to Defendant Jeremy Schulman's Motion to Depose Witnesses Pursuant to Rule 15 by January 28, 2022, the deadline agreed to by the Parties in the November 30, 2021 Joint Status Report. ECF No. 95.

8. Three government attorneys are responsible for this case. While Mr. Salem and Mr. Manning assert that they now have schedule conflicts, Ms. Markopoulos is evidently still available to appear on behalf of the government on February 15, 2022.

9. With respect to Mr. Manning's asserted unavailability to appear in this case on February 15, 2022 as scheduled, the government now represents to the Court that "a trial scheduled for Mr. Manning was slightly delayed and is now expected to go through the entire week of February 14, 2022." ECF No. 108 at 1. The docket for that case does not reflect the trial date of February 7, 2022 being delayed or otherwise changed since it was first set on September 21, 2021. See Dkt., *United States v. Cole*, 1:20-cr-424-JG (N.D. Oh. filed Aug. 13, 2020).[1]

10. In light of the prejudice caused to Mr. Schulman by an additional delay and given that at least one government counsel is, in fact, available on February 15, 2022, defense counsel submits that the hearing should go forward as scheduled more than sixty days ago.

Dated: January 30, 2022                                    Respectfully submitted,

                                                           */s/*
                                                           Mark J. MacDougall (MD Bar No. 851201)
                                                           Paul W. Butler (*Pro Hac Vice*)
                                                           Melissa D. Whitaker (*Pro Hac Vice*)
                                                           Allison S. Thornton (*Pro Hac Vice*)
                                                           Madeline M. Bardi (*Pro Hac Vice*)

---

[1] Per the docket in *United States v. Cole*, on September 21, 2021, the court set the case to go to trial on February 7, 2022. See Trial Order, *Cole*, 1:20-cr-424-JG, ECF No. 74 (N.D. Oh. Sept. 21, 2021). On December 1, 2021, Mr. Salem represented to this Court, "Mr. Manning apparently is in trial in Cleveland that week [of February 7]. Can we possibly do it the next week the same time on Tuesday [February 15]?" Tr. of Dec. 1, 2021 Mot. Hr'g 68:9–11. However, the *Cole* docket further reflects that Mr. Manning knew the trial in Ohio would exceed five days at the time of the December 1, 2021 status hearing. On September 9, 2021, the *Cole* case was reassigned to a new judge because the "parties in the instant case have indicated that the trial in the matter will exceed five days in length. As the undersigned does not proceed over trials lasting [] more than five days, this case is returned to the Clerk of Court for reassignment to another Judicial Officer." See Order of Reassignment, *Cole*, 1:20-cr-424-JG, ECF No. 73 (N.D. Oh. Sept. 9, 2021).

*Counsel for Jeremy Wyeth Schulman*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:   mmacdougall@akingump.com
pbutler@akingump.com
mwhitaker@akingump.com
athornton@akingump.com
mbardi@akingump.com


*/s/*
Stanley E. Woodward (MD Bar No. 18115)
*Counsel for Jeremy Wyeth Schulman*
Brand Woodward Law
1808 Park Rd NW
Washington, DC 20010
Telephone:  (202) 996-7447
Fax:  (202) 996-0113
E-mail:   stanley@brandwoodwardlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January 2022, I electronically filed the foregoing Opposition to the United States' Motion for a Continuance of the February 15, 2022 Hearing/Status Conference with the Clerk of the Court for the U.S. District Court for the District of Maryland, using the Court's CM/ECF system.  The CM/ECF system sent a "Notice of Electronic Filing" to all counsel of record who have entered an appearance in this matter.

Dated: January 30, 2022                                  Respectfully submitted,

*/s/*                            
Mark J. MacDougall (MD Bar No. 851201)
*Counsel for Jeremy Wyeth Schulman*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail:  mmacdougall@akingump.com