IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-20-0434 |
| | * | |
| JEREMY WYETH SCHULMAN, | * | |
| | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

**ORDER GRANTING EXCLUSION OF TIME
PURSUANT TO 18 U.S.C. § 3161(h)(7)**

Upon consideration of the Parties' joint motion pursuant to 18 U.S.C. § 3161(h)(7), the Court makes the following findings:

1. On December 2, 2020, a federal grand jury in the District of Maryland returned a sealed eleven count Indictment that charged the Defendant, Jeremy Wyeth Schulman, with conspiracy, substantive violations of wire, mail and bank fraud, and money laundering. (*See* ECF 1 (Indictment).) The Indictment also contained forfeiture allegation. *Id.*

2. Schulman had his initial appearance on December 7, 2020. On that same day, this Court set a motions' deadline for December 28, 2020, and a status conference for December 29, 2020. On December 23, 2020, this Court granted the Government and defendant's joint motion to continue the motions' deadline and to exclude the period of time between December 7 and December 29, 2020. (See ECF 21). This Court then granted the parties' second agreed-upon motion, excluding the time between December 29, 2020 and March 1, 2021 (ECF 25). On May 20, 2021, this Court granted the third motion excluding the time from March 1, 2021, to June 1,

7

2021 (ECF 38). As part of the parties' July 7, 2021 status report, this Court granted the parties' motion to exclude time from June 1, 2021 to July 8, 2021. (ECF 55). At the July 8, 2021 status conference, a trial date was set for October 11, 2022. (ECF 58). On August 27, 2021, this Court granted the parties' joint motion to exclude time between July 8, 2021 and August 30, 2021. (ECF 74).

3. A status conference was held on August 30, 2021, during which the parties verbally agreed to toll the statute of limitations to October 22, 2021, the scheduled date of the next pre-trial conference, and the Court verbally entered an order for the same. (8/30/21 Tr. at 97).

4. On November 19, 2021, this Court granted the parties' joint motion to exclude time between October 22, 2021, and December 1, 2021. (ECF 94).

5. A status conference was held on December 1, 2021, during which the parties verbally moved to toll the statute of limitations to February 15, 2022, the date of the next pre-trial conference, and the Court entered an order for the same.[5] (12/01/21 Tr. at 69).

6. On April 29, 2022, this Court granted the parties' joint motion to exclude time between February 15, 2022, and the scheduled trial date of October 11, 2022. (ECF 146).

7. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an indictment shall commence within seventy days from the filing date of the indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

8. Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this case has involved substantial discovery. The volume of discovery is significant because it follows, and is related to, the long-term investigation involving the repatriation of Somali assets, located in the

---

[5] The status conference was subsequently rescheduled to March 11, 2022. (ECF 115.)

United States and abroad, by Schulman and others. This Court already is aware that the defendant's former law firm, Shulman Rogers, has produced significant information. Other discovery materials include: materials obtained through Rule 41 and ECPA search warrants; information from more than a dozen electronic devices; subpoenaed materials from numerous institutions; bank records and correspondence from domestic and foreign banks, including banks in Switzerland and Italy; materials obtained through requests made to foreign countries; certain law enforcement reports; and other discovery material generated from this long-term investigation. Defense counsel cannot meaningfully prepare for motions practice and trial until they have had an opportunity to fully analyze this voluminous discovery.

9. Pursuant to 18 U.S.C. § 3161(h)(1)(d), the Court finds that this case already has involved significant motions practice and anticipate that additional motions will be filed. The Speedy Trial Act excludes time when motions are pending, and the Court finds that the Speedy Trial clock also is tolled due to the pending motions in this case. For example, on March 30, 2022, the defendant filed a motion to vacate the tolling order. The government responded on April 13, 2022, and the defendant replied on April 27, 2022. Additionally, the defendant filed four motions to dismiss on June 10, 2022; the government responded on July 15, 2022; the defendant replied on August 5, 2022; and the Court heard argument on these motions on September 6, 2022. Defense counsel has also stated that they intend to file motions to suppress, the deadline for which has not yet been set.

10. On June 27, 2022, the parties informed the Court that they had agreed upon a continuation of the October 11, 2022 trial date. After further discussion among the Court, the government and the defense, trial was set for May 15, 2023.

11. In addition, the Parties have sought Rule 15 depositions, including depositions of

overseas witnesses, and on March 15, 2022, the Court authorized the pre-trial depositions of eight witnesses, including seven requested by the defense. (ECF 128, 129, and 130).[6] Pursuant to agreement with the defense counsel, witness counsel, and the government, one of the approved Rule 15 depositions is scheduled for January 11 and 12, 2023 in Switzerland.

12. In light of the time required to arrange and conduct the depositions in the midst of an ongoing pandemic, and the scope of the discovery at issue, the Court finds that the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate, and thus tolling the Speedy Trial "clock" is appropriate pursuant to 18 U.S.C. § 3161(h)(1)(d) . A reasonable exclusion of time is in the interests of justice because it will provide defense counsel with a period of time to receive and study discovery, evaluate the potential for pre-trial resolution, prepare appropriate motions, and prepare for trial if negotiations are unnecessary or unsuccessful, and it will also allow the parties to pursue the contemplated Rule 15 depositions.

13. For the foregoing reasons, the ends of justice will be served by continuing the adjourning of the motions' deadline, as well as related deadlines, and by excluding the time period between the dates of October 11, 2022, and May 15, 2023, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant Schulman.

**WHEREFORE**, in the interest of the Defendant, Jeremy Wyeth Schulman, and the interests of the public, it is hereby:

**ORDERED** that, **the motions' deadline be adjourned, to include, but not limited to, the deadline to file a motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules**

---

[6] The Government has held in abeyance its previous requests to conduct two additional overseas depositions pursuant to Rule 15.

of Criminal Procedure as well as the deadline within which to assert a defense of actual or believed exercise of public authority pursuant to Rule 12.3(a)(1) of the Federal Rules of Criminal Procedure, or any other defense, including, but not limited to foreign sovereign immunity; and it is

FURTHER ORDERED that pursuant to 18 U.S.C. § 3161(h)(7), the time period between October 11, 2022 and May 15, 2023, be excluded from the time period within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(c).

DATE: 1/17/23

/S/
Hon. Paula Xinis
United States District Court Judge
District of Maryland