IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| v. | * | CRIMINAL NO. PX-20-0434 |
| | * | |
| JEREMY WYETH SCHULMAN, | * | |
| | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

**GOVERNMENT'S MOTION TO EXCLUDE TIME
PURSUANT TO 18 U.S.C. § 3161(h)(7)**

The United States of America, through counsel, hereby requests, pursuant to 18 U.S.C. § 3161(h)(7), an Order to exclude the time period between May 15, 2023, and October 2, 2023, the date trial is scheduled to begin, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c)(1). The defendant, Jeremy Schulman, requested to continue the trial to October 2, 2023, but does not concur in the filing of this motion.

In support thereof, the government submits the following:

1. On December 2, 2020, a federal grand jury in the District of Maryland returned an eleven count Indictment that charged Schulman with crimes arising under the conspiracy, wire fraud, mail fraud, bank fraud, and money laundering statutes. (*See* ECF 1 (Indictment).) The Indictment also contained a forfeiture allegation. (*Id.*)

2. Schulman had his initial appearance on December 7, 2020. On that same day, this Court set a motions' deadline for December 28, 2020, and a status conference for December 29, 2020. On December 23, 2020, this Court granted the government and defendant's joint motion to continue the motions' deadline and to exclude the period of time between December 7 and

1

December 29, 2020. (*See* ECF 21).  This Court then granted the parties' second agreed-upon motion, excluding the time between December 29, 2020 and March 1, 2021 (ECF 25).  On May 20, 2021, this Court granted the third motion excluding the time from March 1, 2021, to June 1, 2021 (ECF 38). As part of the parties' July 7, 2021 status report, this Court granted the parties' motion to exclude time from June 1, 2021 to July 8, 2021. (ECF 55).  At the July 8, 2021 status conference, a trial date—with mutual agreement by the parties—was set for October 11, 2022. (ECF 58).  On August 27, 2021, this Court granted the parties' joint motion to exclude time between July 8, 2021 and August 30, 2021. (ECF 74).

3.  A status conference was held on August 30, 2021, during which the parties verbally moved to toll the speedy trial to October 22, 2021, the date of the next pre-trial conference, and the Court entered an order for the same.  (8/30/21 Tr. at 97).

4.  On November 19, 2021, this Court granted the parties' joint motion to exclude time between October 22, 2021, and December 1, 2021. (ECF 94).

5.  A status conference was held on December 1, 2021, during which the parties verbally moved to toll the speedy trial to February 15, 2022, the date of the next pre-trial conference, and the Court entered an order for the same.[1]  (12/01/21 Tr. at 69).

6.  On April 29, 2022, this Court granted the parties' joint motion to exclude time between February 15, 2022, and the scheduled trial date of October 11, 2022.  (ECF 146).

7.  On June 27, 2022, the parties informed the Court that they had agreed to a continuance of the October 11, 2022 trial date in order to allow more time for motions briefing, pursuant to 18 U.S.C. § 3161(h)(1)(d).  After further discussion among the Court, the government

---

[1]   The status conference was subsequently rescheduled to March 11, 2022. (ECF 115.)

2

and the defense, trial was set for May 15, 2023.  An order tolling speedy trial was entered by this Court on January 17, 2023.

8. On January 18 and 19, 2023, this Court held a hearing on Defendant's Motion to Dismiss.  Post-trial briefing was ordered, and both parties filed opening briefs on February 3, 2023, and response briefs on February 17, 2023.

9. On April 3, 2023, the Court held a status call with the parties to discuss, in sum and substance, the Court's continuing examination of the evidence adduced at the January 18 and 19, 2023 hearing and its ongoing consideration of the defendant's pending motions. On April 4, 2023, defense counsel emailed the Court to request a further postponement of the May 15 trial date, indicating that it preferred to wait for, and digest, the Court's ruling on its motion to dismiss for pre-indictment delay.  On April 6, 2023, the court entered a new scheduling order, acceding to the defense request, and setting trial for October 2, 2023.

10. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an indictment shall commence within seventy days from the filing date of the indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.  "[I]n computing the time within which the trial of any such offense must commence," the Speedy Trial Act excludes "any period of delay" resulting from a judge granting a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h) & (h)(7)(A).  The court must set forth "in the record of the case" its reasons supporting such a finding, after considering the factors identified in the statute, among others.  *Id.*, § 3161(h)(7)(A) & (B).  Those factors include, but are not limited to, the following:

3

      (i)      Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

\*\*\*

      (iv)      Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant of the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.*, § 3161(h)(7)(B).

11.    Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Government submits that this case has involved substantial discovery. The volume of discovery is significant because it follows, and is related to, the long-term investigation involving the repatriation of Somali assets, located in the United States and abroad, by Schulman and others. This Court already is aware that the defendant's former law firm, Shulman Rogers, has produced significant information. Other discovery materials include: materials obtained through Rule 41 and ECPA search warrants; information from more than a dozen electronic devices; subpoenaed materials from numerous institutions; bank records and correspondence from domestic and foreign banks, including banks in Switzerland and Italy; materials obtained through requests made to foreign countries; certain law enforcement reports; and other discovery material generated from this long-term investigation. Defense counsel could not meaningfully prepare for motions practice and trial until they had an opportunity to fully analyze this voluminous discovery, and the opportunity to file dispositive motions.

12.    Pursuant to 18 U.S.C. § 3161(h)(1)(d), the Government submits that this case

4

already has involved significant motions practice and anticipate that additional motions may be filed. The Speedy Trial Act excludes time when motions are pending, and the Government submits that the Speedy Trial clock also is tolled due to the pending motions in this case. For example, on March 30, 2022, the defendant filed a motion to vacate the tolling order. (ECF 133). The government responded on April 13, 2022, and the defendant replied on April 27, 2022. (ECF 138, 142). Argument was held on September 6, 2022. Additionally, the defendant filed four motions to dismiss on June 10, 2022; the government responded on July 15, 2022; the defendant replied August 5, 2022; and argument was held on September 6, 2022. (ECF 148, 152, 156, 160, 173, 174, 177). As noted above, additional hearings were held on January 18 and 19, 2023, with additional post-trial briefing submitted on February 3, and February 17, 2023.

13. In addition, the Parties have sought Rule 15 depositions, including depositions of overseas witnesses, and on March 15, 2022, the Court authorized the pre-trial depositions of eight witnesses, including seven requested by the defense. (ECF 128, 129, and 130).[2] One of the approved Rule 15 depositions took place on April 25, 2023, in Switzerland.

14. In light of the time required to arrange and conduct the deposition, the scope of the discovery at issue, and the extensive motions practice the Government submits that the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate, and thus tolling the Speedy Trial "clock" is appropriate pursuant to 18 U.S.C. § 3161(h)(1)(d). A reasonable exclusion of time is in the interests of justice because it will provide defense counsel with a period of time to receive and study discovery, evaluate the potential for pre-trial resolution, prepare appropriate motions, and prepare for trial if negotiations are

---

[2] The Government has held in abeyance its previous requests to conduct two additional overseas depositions pursuant to Rule 15.

unnecessary or unsuccessful.

15. For the foregoing reasons, the ends of justice will be served by excluding the time period between May 15, 2023, and October 2, 2023, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant Schulman in a speedy trial.

**WHEREFORE**, the Government respectfully requests that the Court exclude the time period between May 15, 2023, and October 2, 2023, the date currently set for trial, in conformance with the draft Order submitted herewith.

Respectfully submitted,

*Counsel for the United States of America:*

| | |
|---|---|
| GLENN S. LEON<br>Chief<br>Fraud Section | EREK L. BARRON<br>United States Attorney<br>District of Maryland |
| \_\_\_\_\_/s\_\_\_\_\_<br>Jason M. Manning<br>Amy Markopoulos<br>Trial Attorneys | \_\_\_\_\_/s\_\_\_\_\_<br>David I. Salem<br>Assistant United States Attorney |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA**       *       **JEREMY WYETH SCHULMAN,**
                                   *
  **v.**                         *
                                   *                                     *

|   |   |   |
|---|---|---|
|   | * |   |
|   | * |   |
| **Defendant** | * | **CRIMINAL NO. PX-20-0434** |
|   | * |   |
|   | ******* |   |

## ORDER GRANTING EXCLUSION OF TIME
## PURSUANT TO 18 U.S.C. § 3161(h)(7)

Upon consideration of the Government's motion pursuant to 18 U.S.C. § 3161(h)(7), the Court makes the following findings:

1. On December 2, 2020, a federal grand jury in the District of Maryland returned a sealed eleven count Indictment that charged the Defendant, Jeremy Wyeth Schulman, with conspiracy, substantive violations of wire, mail and bank fraud, and money laundering. (*See* ECF 1 (Indictment).) The Indictment also contained forfeiture allegation. *Id.*

2. Schulman had his initial appearance on December 7, 2020. On that same day, this Court set a motions' deadline for December 28, 2020, and a status conference for December 29, 2020. On December 23, 2020, this Court granted the Government and defendant's joint motion to continue the motions' deadline and to exclude the period of time between December 7 and December 29, 2020. (See ECF 21). This Court then granted the parties' second agreed-upon motion, excluding the time between December 29, 2020 and March 1, 2021 (ECF 25). On May 20, 2021, this Court granted the third motion excluding the time from March 1, 2021, to June 1, 2021 (ECF 38). As part of the parties' July 7, 2021 status report, this Court granted the parties' motion to exclude time from June 1, 2021 to July 8, 2021. (ECF 55). At the July 8, 2021 status conference, a trial date was set for October 11, 2022. (ECF 58). On August 27, 2021, this Court granted the parties' joint motion to exclude time between July 8, 2021 and August 30, 2021. (ECF 74).

3.     A status conference was held on August 30, 2021, during which the parties verbally agreed to toll the statute of limitations to October 22, 2021, the scheduled date of the next pre-trial conference, and the Court verbally entered an order for the same.  (8/30/21 Tr. at 97).

4.     On November 19, 2021, this Court granted the parties' joint motion to exclude time between October 22, 2021, and December 1, 2021. (ECF 94).

5.     A status conference was held on December 1, 2021, during which the parties verbally moved to toll the statute of limitations to February 15, 2022, the date of the next pre-trial conference, and the Court entered an order for the same.[3]  (12/01/21 Tr. at 69).

6.     On April 29, 2022, this Court granted the parties' joint motion to exclude time between February 15, 2022, and the scheduled trial date of October 11, 2022.  (ECF 146).

7.     On June 27, 2022, the parties informed the Court that they had agreed to a continuance of the October 11, 2022 trial date in order to allow more time for motions briefing, pursuant to 18 U.S.C. § 3161(h)(1)(d).  After further discussion among the Court, the government and the defense, trial was set for May 15, 2023.  An order tolling speedy trial was entered by this Court on January 17, 2023.

8.     On January 18 and 19, 2023, this Court held a hearing on Defendant's Motion to Dismiss.  Post-trial briefing was ordered, and both parties filed opening briefs on February 3, 2023, and response briefs on February 17, 2023.

9.     On April 3, 2023, the Court held a status call with the parties to discuss, in sum and substance, the Court's continuing examination of the evidence adduced at the January 18 and 19, 2023 hearing and its ongoing consideration of defendant's motions. On April 4, 2023, defense counsel emailed the Court to request a further postponement of the May 15 trial date, indicating

---

[3]     The status conference was subsequently rescheduled to March 11, 2022. (ECF 115.)

that it preferred to wait for, and digest, the Court's ruling on its motion to dismiss for pre-indictment delay. On April 6, 2023, the court entered a new scheduling order, acceding to the defense request, and setting trial for October 2, 2023.

10. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an indictment shall commence within seventy days from the filing date of the indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

11. Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this case has involved substantial discovery. The volume of discovery is significant because it follows, and is related to, the long-term investigation involving the repatriation of Somali assets, located in the United States and abroad, by Schulman and others. This Court already is aware that the defendant's former law firm, Shulman Rogers, has produced significant information. Other discovery materials include: materials obtained through Rule 41 and ECPA search warrants; information from more than a dozen electronic devices; subpoenaed materials from numerous institutions; bank records and correspondence from domestic and foreign banks, including banks in Switzerland and Italy; materials obtained through requests made to foreign countries; certain law enforcement reports; and other discovery material generated from this long-term investigation. Defense counsel cannot meaningfully prepare for motions practice and trial until they have had an opportunity to fully analyze this voluminous discovery.

12. Pursuant to 18 U.S.C. § 3161(h)(1)(d), the Court finds that this case already has involved significant motions practice and anticipate that additional motions may be filed. The Speedy Trial Act excludes time when motions are pending, and the Court finds that the Speedy Trial clock also is tolled due to the pending motions in this case. For example, on March 30, 2022,

the defendant filed a motion to vacate the tolling order. The government responded on April 13, 2022, and the defendant replied on April 27, 2022. Additionally, the defendant filed four motions to dismiss on June 10, 2022; the government responded on July 15, 2022; the defendant replied on August 5, 2022; and the Court heard argument on these motions on September 6, 2022. Additional hearings were held on January 18 and 19, 2023, with additional post-trial briefing submitted on February 3, and February 17, 2023.

13. In addition, the Parties have sought Rule 15 depositions, including depositions of overseas witnesses, and on March 15, 2022, the Court authorized the pre-trial depositions of eight witnesses, including seven requested by the defense. (ECF 128, 129, and 130). One of the approved Rule 15 depositions took place on April 25, 2023, in Switzerland.

14. In light of the time required to arrange and conduct the depositions, and the scope of the discovery at issue, the Court finds that the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate, and thus tolling the Speedy Trial "clock" is appropriate pursuant to 18 U.S.C. § 3161(h)(1)(d). A reasonable exclusion of time is in the interests of justice because it will provide defense counsel with a period of time to receive and study discovery, evaluate the potential for pre-trial resolution, prepare appropriate motions, and prepare for trial if negotiations are unnecessary or unsuccessful.

15. For the foregoing reasons, the ends of justice will be served by excluding the time period between the dates of May 15, 2023, and October 2, 2023, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant Schulman.

**WHEREFORE**, in the interest of the Defendant, Jeremy Wyeth Schulman, and the interests of the public, it is hereby

**ORDERED** that pursuant to 18 U.S.C. § 3161(h)(7), the time period between May 15, 2023, and October 2, 2023, be excluded from the time period within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(c).

DATE: _____    _____
                                                                                 Hon. Paula Xinis
                                                                                 United States District Court Judge
                                                                                 District of Maryland