IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Case No. PX-20-0434 |
| | : | |
| **JEREMY WYETH SCHULMAN** | : | |

### DEFENDANT JEREMY WYETH SCHULMAN'S RESPONSE TO THE GOVERNMENT'S MOTION TO EXCLUDE TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)

Defendant Jeremy Schulman, by and through counsel, respectfully responds to the government's Motion to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(7), ECF 272 (the "Motion to Toll").

The government's Motion to Toll misstates Mr. Schulman's position. Mr. Schulman consents to the Court entering an Order to exclude the time period between May 15, 2023 and October 2, 2023, in computing the time within which trial must commence, pursuant to 18 U.S.C. § 3161(c)(1). However, Mr. Schulman objects to the government's exclusion from its Motion to Toll certain additional motions' deadlines—deadlines tolled by this Court in its prior Orders in this case. *See* ECF 21, ECF 25, ECF 146, and ECF 232.

As such, Mr. Schulman respectfully moves the Court to deny the government's Motion to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(7), and to instead enter the Proposed Order enclosed herein, which tolls Mr. Schulman's time to file certain notices and motions.

In support thereof, Mr. Schulman submits the following:

1. On May 1, 2023, the government provided defense counsel with a draft Motion to Toll and requested defense counsel's consent to file. The government's draft Motion to Toll resembled the Speedy Trial motions filed previously in this case, except this draft excluded

1

language tolling Mr. Schulman's time to file certain notices and motions. The excluded language adjourns:

> [T]he motions' deadline, including, but not limited to, the deadline within which Defendant Schulman may file a motion for a bill of particulars pursuant to Rule 7(f), as well as the deadline within which to assert a defense of actual or believed exercise of public authority pursuant to Rule 12.3(a)(1) of the Federal Rules of Criminal Procedure, or any other defense, including, but not limited to, foreign sovereign immunity[.]

*See, e.g.*, Parties' Joint Motion to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(7), ECF 195, at 5.

2. On May 3, 2023, defense counsel requested that the government include the above-excerpted language in the Motion to Toll. Defense counsel indicated that it otherwise consented to the draft Motion to Toll.

3. On May 4, 2023, the government informed undersigned counsel that it would not re-insert the requested language.

4. On May 9, 2023, defense counsel confirmed that it did not consent to the government's draft Motion to Toll without the requested language. Defense counsel offered that the Parties could agree to toll the motions' and notices' deadlines until 21 days after the Court enters its orders on the pending Motion to Vacate and Motions to Dismiss.

5. Government counsel did not respond to this correspondence.

6. On May 16, 2023, the government filed its Motion to Toll without language tolling the deadline for the filing of certain notices and motions. In addition, the government's Motion to Toll misrepresents Mr. Schulman's position by stating that Mr. Schulman "requested to continue the trial to October 2, 2023, but does not concur in the filing of this motion." ECF 272 at 1.

7.      Mr. Schulman's position is that the deadlines that Mr. Schulman seeks to toll are presently tolled by the motions' deadlines included in the Court's Amended Pretrial Scheduling Order, ECF 263.

8.      Out of an abundance of caution, Mr. Schulman also requests that this Court toll the deadlines by which Mr. Schulman is required to file a Motion for a Bill of Particulars or a Notice of a Public Authority Defense, or any other defense, in the Court's Order to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(7).  The inclusion of this language is consistent with this Court's prior Orders tolling time pursuant to the Speedy Trial Act.

9.      In the event the Court does not view these motions and notices as covered by the Court's Amended Pretrial Scheduling Order, and does not wish to include the relevant language in its Order to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(7), Mr. Schulman requests that the Court toll the requested deadlines until 21 days after the Court issues its orders on Mr. Schulman's pending Motion to Vacate and Motions to Dismiss.

## CONCLUSION

For the foregoing reasons, Mr. Schulman respectfully moves the Court to deny the government's Motion to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(7), and to instead enter the Proposed Order enclosed herein.

Dated: May 16, 2023                                                          Respectfully submitted,

*/s/*_____
Mark J. MacDougall (MD Bar No. 851201)
Paul W. Butler (*Pro Hac Vice*)
Allison T. Coffin (*Pro Hac Vice*)
Madeline M. Bardi (*Pro Hac Vice*)
*Counsel for Jeremy Wyeth Schulman*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006

Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: mmacdougall@akingump.com
pbutler@akingump.com
acoffin@akingump.com
mbardi@akingump.com

*/s/*_____
Stanley E. Woodward (MD Bar No. 18115)
*Counsel for Jeremy Wyeth Schulman*
Brand Woodward Law
1808 Park Rd NW
Washington, DC 20010
Telephone: (202) 996-7447
Fax: (202) 996.0113
E-mail: stanley@brandwoodwardlaw.com