IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIM. NO. PX-20-0434 |
| | * | |
| JEREMY WYETH SCHULMAN, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \*\*\*\*\*\* \* \* \* \*

**THE UNITED STATES DEPARTMENT OF STATE'S
OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
THE PRODUCTION OF DOCUMENTS AND FOR TESTIMONY**

In accordance with Local Rules 105 and 207, the United States Department of State (hereinafter "DOS"), by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and undersigned counsel, submits the following Opposition[1] in response to the Motion to Compel Production of Testimony and Documents filed by the defendant, Jeremy Wyeth Schulman, at ECF Nos. 292, 292-1 in the above-captioned criminal case.

**I. INTRODUCTION**

As the Court is aware, the defendant, Jeremy Wyeth Schulman (hereinafter "Schulman"), was indicted in this District and is pending trial on a host of charges ranging from the inchoate crimes of conspiring to commit mail, wire and bank fraud and conspiracy to commit money

---

1  The submission of this Opposition in no way constitutes a waiver of the DOS's position respecting the Court's lack of personal jurisdiction over it. The filing is made for the purpose of contesting jurisdiction in this matter. If the Court should conclude that it does have personal jurisdiction over the DOS, then the DOS requests, respectfully, that it be permitted the opportunity to respond to the merits of the defendant's arguments regarding the motion to compel.

laundering to the substantive offenses of mail, wire and bank fraud and money laundering. ECF No. 1 in *United States of America v. Schulman*, Crim. No. PX-20-0434. Following the DOS's March 16, 2023 partial denial of Schulman's request for additional records[2] believed to be in the possession or custody of the DOS and for the testimony of current and former DOS employees, Schulman, on August 15, 2023, filed in this Court a motion to compel against the DOS, a non-party to the criminal prosecution. In his motion to compel, Schulman seeks to have this Court order the DOS to produce documents and authorize the pretrial and trial testimony of seven individuals, six of whom are no longer employed by the DOS. ECF No. 292.

This Court should deny and dismiss the motion to compel directed at the DOS for two reasons. First, and as stated above, the DOS is not a party to Schulman's criminal prosecution in the instant case and Schulman never sought and obtained in the criminal case any subpoena thereafter served on the DOS.[3] Consequently, the Court has no basis upon which to exercise personal jurisdiction over the DOS and therefore cannot compel it to take any form of action. Secondly, this Court does not have subject matter jurisdiction over a "final agency action" that specifically occurred in the District of Maryland; the DOS's partial denial of Schulman's request pursuant to *U.S. ex rel. Touhy v. Ragan*, 340 U.S. 462 (1951), occurred in the District of Columbia where the DOS is located. If Schulman seeks to challenge the DOS's *Touhy* response, his recourse is to do so by way of bringing an action under the Administrative Procedure Act ("APA") in the proper venue, that is, the District of Columbia. For either of these reasons, the motion to compel

---

2   Prior to March 16, 2023, Schulman received numerous documents, 650 in total, from the United States Attorney's Office for the District of Maryland, which documents were obtained from the DOS.

3   Even if Schulman had obtained a subpoena, the subpoena would still be treated as a request subject to the Department of State's Touhy regulations.

should be denied. But first, some context.

## II. BACKGROUND

Beginning in October 2020, and by way of a series of letters, Schulman, through counsel, requested that the United States Attorney's Office for the District of Maryland ("USAO") – either as part of a discovery request made directly to the prosecution team as part of the instant case, or as a *Touhy* request made directly to the DOS -- seek, collect, and produce several categories of documents Schulman believed to be in the possession, custody, or control of the DOS; Schulman claimed that the documents were necessary to the preparation of his defense. *See* Oct. 13, 2020 Letter to the Office of the Legal Advisor, Department of State, ECF No. 294-5. *See also* ECF No. 294, Defendant's Ex. 1, Dec. 11, 2020 Letter to the Office of the U.S. Attorney for the District of Maryland Requesting Discovery Pursuant to Fed. R. Crim. P. 16; Defendant's Ex. 2, Apr. 13, 2021 Letter to the Office of the U.S. Attorney for the District of Maryland Requesting Dept. of State Discovery; Defendant's Ex. 3, May 14, 2021 Letter to the Office of the U.S. Attorney for the District of Maryland Requesting Dept. of State Discovery, *also cited in Motion to Compel* at 1-3. In the October 13, 2020 Letter to the U.S. Department of State, Schulman sought materials related to six categories of information, as well as the testimony of four named individuals. *See* Govt. Ex. 1. The DOS denied the October 13, 2020 letter request on three grounds: (1) any response would potentially impede or prejudice an on-going law enforcement investigation under 22 C.F.R. § 172.8(6 )(6), as no indictment had yet been returned; (2) Schulman had failed to demonstrate the relevance of the testimony sought; and (3) a response would potentially be burdensome and interfere with the conduct of official business. *See* ECF No. 294-7.

Between January 2021 and October 2021, the USAO produced more than 650 pages of

documents first obtained from the DOS; to be clear, however, the DOS is not a part of the USAO's prosecution team and nor did it conduct any investigation of Schulman jointly with the USAO prosecution team. Subsequently, Schulman sought to obtain more material by making requests for discovery to the USAO in April and May 2021, and an additional, largely repetitive, *Touhy* request made directly to the DOS on April 5, 2022 ("the April 5 Request"). The April 5 Request sought similar, though not identical, documentation referenced earlier in Schulman's prior *Touhy* request of October 13, 2020. He also sought the pre-trial depositions of seven individuals with whom he claimed that he had interacted "routinely" and who therefore "likely [would] have knowledge of the facts and circumstances regarding the Somali asset recovery project." Defendant's Ex. 6, April 5, 2022 Letter to Department of State at 2, ECF No. 294-6.

By letter dated March 16, 2023 ("the March 16 Letter"), the DOS responded to Schulman's April 5 Request. The March 16 Letter informed Schulman that he had received approximately 650 pages of documents responsive to his requests and that the four productions providing those documents "substantially satisf[ies] [his] request for documents." Defendant's Ex. 8, March 16, 2023 Letter from the U.S. Dept. of State, at 2, ECF No. 294-8. The March 16 Letter further explained that Schulman had not specifically identified the relevance of any additional records, had requested significantly older records that were not readily ascertainable and for which a search would be burdensome, and that Schulman sought records that could raise privilege issues, including the attorney-client privilege and the deliberative process privilege. *Id.* at 2-3. In addition, the March 16 Letter noted that three of the individuals whose testimony Schulman sought were no longer DOS employees, and Schulman should avail himself of other processes to secure their pre-trial testimony, including utilizing Rule 17 of the Federal Rules of Criminal Procedure.

*Id.* at 3. Schulman thereafter filed a motion to compel the DOS to produce documents and to make current and former DOS employees available to give testimony pretrial and at trial.

### III. ARGUMENT

Although dissatisfied with the DOS's March 16, 2023 response to his *Touhy* requests, Schulman now seeks this Court's intercession to compel the DOS, a non-party to the instant criminal case, to produce additional documents beyond the 650 pages of documents disclosed previously and to produce certain individuals for pretrial depositions and for trial, ECF No. 292, the Court should decline the invitation. Schulman failed to request subpoenas and seek leave of this Court to conduct depositions pursuant to Rules 15 and 17 of the Federal Rules of Criminal Procedure. Consequently the Court does not have personal jurisdiction over the DOS and cannot address Schulman's *Touhy* complaints. Moreover, no other provision of the Federal Rules of Criminal Procedure provides for the relief Schulman seeks here. If Schulman seeks to obtain judicial review of the DOS's *Touhy* response under the APA, then he must do so in a civil action in the proper venue – an APA challenge in the District of Columbia. He has not done such and cannot now attempt to engineer an end-run around the criminal discovery rules by seeking, through a motion to compel, pre-trial document discovery and testimony from DOS witnesses, all without Rule 17 subpoenas or leave from the Court to conduct Rule 15 depositions. *See* Fed. R. Crim. Proc. 15 and 17.

#### A. The Court Lacks Personal Jurisdiction Over the DOS.

"Personal jurisdiction . . . is 'an essential element of the jurisdiction of a district . . . court' without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Emp'rs Reinsurance Corp. v. Bryant*, 299 U.S. 374,

382 (1937)); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 394 (4th Cir. 2004) ("a district court lacks the power to enter judgment against a party over whom the court lacks personal jurisdiction"); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.").

Indisputably, an agency's decision concerning the disclosure of subpoenaed material or testimony is subject to review, on the merits, by the courts. "In the context of an agency's response to a third-party subpoena, 'the proper method for judicial review of the agency's final decision pursuant to its regulations is through the Administrative Procedure Act.'" *Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 277 (4th Cir. 1999) (quoting *United States v. Williams*, 170 F.3d 431, 434 (4th Cir.1999)). "The APA waives sovereign immunity and permits a federal court to order a non-party agency to comply with a subpoena if the government has refused production in an arbitrary, capricious, or otherwise unlawful manner." *Id. See also Kasi v. Angelone*, 300 F.3d 487, 506 (4th Cir. 2002) ("[T]he Administrative Procedure Act provides an appropriate procedure for judicial review of a decision by a federal agency to withhold investigation materials from a state criminal defendant, in which the state criminal defendant can proffer any perceived rights to the file materials under the constitutional principles set forth in *Brady* and its progeny.").

Here, because Schulman has not served the DOS with any subpoena in this case under either Fed. R. Crim. Proc. 15 or 17, there is no subpoena for the Court to review or by which to evaluate compliance. Schulman has thus failed to bring the DOS within the jurisdiction of the Court. Schulman simply has not availed himself of either Rule with respect to the DOS.[4] The

---

4   As Schulman well knows, *see* ECF No. 103-1 (Defendant's Motion to Conduct Depositions

Court is therefore "'powerless to proceed to an adjudication'" of Schulman's motion to compel. *Ruhrgas*, 526 U.S. at 584 (quoting *Emp'rs. Reinsurance*, 299 U.S. at 382); *see also United States. v. Threet*, 2011 WL 5865076, *1–2 (E.D. Mich. 2011) ("[I]f Defendant is dissatisfied with the DEA's response to his *Touhy* request, his remedy is an action against the DEA pursuant to the Administrative Procedure Act, and not pursuant to a motion to compel.") (citing *Boeh v. Gates*, 25 F.3d 761, 763–767 (9th Cir. 1994)).

Furthermore, Schulman's failure to request and serve Rule 17 subpoenas on the DOS renders his *Touhy* requests as informal requests for criminal discovery that are not enforceable by a motion to compel even if this Court had personal jurisdiction over the DOS. Schulman's *Touhy* requests are without legal force. Absent proper service of a subpoena bringing the DOS within the personal jurisdiction of the Court, Schulman's recourse is filing an APA action in the District of Columbia, the forum where the *Touhy*-related decision was made. *See* 5 U.S.C. § 702; *COMSAT*, 190 F.3d at 274.

It must be pointed out that compliance with *Touhy* regulations does not "confer some

---

Pursuant to Fed. R. Crim. P. 15), depositions may be taken in criminal cases only by order of court and only in "exceptional circumstances" when both "the witness will likely be unavailable to testify at trial and that the witness's testimony is material." Fed. R. Crim. P. 15(a); *United States v. Jefferson*, 594 F. Supp. 2d 655, 664 (E.D. Va. 2009). Rule 15(a) "does not authorize depositions for discovery purposes." *In re U.S.*, 878 F.2d 153, 156 (5th Cir. 1989) (collecting cases). Schulman has not moved for Rule 15 depositions likely because no such exceptional circumstances exist with respect to the DOS employees from whom Schulman seeks pre-trial testimony.

Nor would Schulman be entitled to documents from DOS pursuant to Fed. R. Crim. P. 17, which provides for subpoenas to third parties in criminal cases. As outlined by the Supreme Court in *United States v. Nixon*, a defendant may subpoena materials using a Rule 17(c) subpoena only if four conditions are met: (1) the items must be evidentiary and relevant; (2) the items may not be otherwise procurable through due diligence prior to trial; (3) the requesting party must be unable to properly prepare for trial without such pre-trial production and inspection; and (4) the application must be made in good faith and not amount to a "fishing expedition." 418 U.S. 683, 699 (1974). Schulman has not made any showing establishing satisfaction of this criteria.

entitlement on parties seeking the disclosure of agency records." *Smith v. Cromer*, 159 F.3d 875, 880 (4th Cir. 1998); *see also* 22 C.F.R. § 172.1(f) ("This part is intended only to inform the public about Department procedures concerning the service of process and responses to demands or requests and is not intended to and does not create, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the Department or the United States."). The cases Schulman cites to bolster his contention that he is not required to file a separate lawsuit under the APA belie his argument: in each of the cited cases, the movant sought compliance through the APA with subpoenas seeking discovery covered by government agencies' *Touhy* regulations. *See* ECF No. 292-1 at 14 n.4 (citing *Lamb v. Wallace*, 2018 WL 847242, at *1 (E.D.N.C. Feb. 13, 2018) ("Plaintiffs **subpoenaed** documents from the Federal Bureau of Investigation (FBI) and the United States Attorney's Office for the Eastern District of North Carolina (USAO) pursuant to Rule 45 of the Federal Rules of Civil Procedure in relation to the above-captioned civil case."); *Sauer Inc. v. Lexington Ins. Agency, Inc.*, 2014 WL 5580954, at *4 (E.D.N.C. Oct. 31, 2014) ("A dispute over non-compliance with a **subpoena** may be resolved under the APA as part of the underlying litigation, without requiring the party seeking to **enforce the subpoena** to file a separate proceeding under the APA."); *Spence v. NCI Info. Sys., Inc.*, 530 F. Supp. 2d 739, 741 (D. Md. 2008) ("In accordance with a **subpoena** issued by this Court in April 2006, AFOSI provided the parties with a report summarizing its investigation into Spence's background.") (emphases added)). These cases have no bearing where, as here, no subpoena was ever issued to the government agency. Not surprisingly, Schulman cites no precedent supporting his position that this Court may compel compliance with a *Touhy* request in the absence of a subpoena, and the DOS is not aware of any such legal precedent.

Nor does Schulman offer any support for seeking pre-trial testimony in a criminal case without first complying with Fed. R. Crim. Proc. 15.  "In the context of the present federal criminal case, this Court does not have jurisdiction to review Defendant's challenge to the government's refusal to comply with his *Touhy* request. Rather than bringing a criminal discovery motion in an unrelated federal case, Defendant's remedy lies within the Administrative Procedure Act 5 U.S.C. § 702." *United States v. Ewing*, 2014 WL 29118, at *3 (E.D. Mich. Jan. 3, 2014).  That principle applies here, as explained above.  Given that the Court does not have personal jurisdiction over the DOS, The Court cannot order its compliance with Schulman's attempt at informal pre-trial discovery through a motion to compel.

    B.  **No Final Agency Action Occurred in the District of Maryland.**

Of no less importance is the issue of subject matter jurisdiction to entertain the motion to compel.  The APA, 5 U.S.C. §§ 701 *et seq.*, authorizes judicial review of "final agency action."  5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").  In the absence of final agency action that occurred in this District, which has not occurred here since subpoenas were never issued, this Court also lacks subject matter jurisdiction over Schulman's motion to compel and the claims made therein.  Moreover, generally "APA challenges to agency action support venue in the District of Columbia, where the agencies are headquartered …." *Cf. Sierra Club v. National Marine Fisheries Service*, 2021 WL 4704842, at *5 (D. Md. 2021).   Given the lack of subject matter jurisdiction, the motion to compel should be denied or outright dismissed.

## IV. CONCLUSION

Based on the reasons set forth above, the United States Department of State respectfully

submits that the Defendant's Motion to Compel Production of Testimony and Documents from the United States Department of State should be denied and dismissed for lack of personal and subject matter jurisdiction.

                                          Respectfully submitted,

                                          EREK L. BARRON
                                          United States Attorney

By:    /s/_____
           TARRA DeSHIELDS
           Assistant United States Attorney
           General Bar No. 07749
           Office of the United States Attorney
           36 South Charles Street, 4th Floor
           Baltimore, Maryland 21201
           (410) 209-4800
           *Counsel for the Department of State*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2023, a copy of the foregoing United States Department of State's Opposition to Defendant's Motion To Compel Production of Testimony and Documents was electronically filed and was so served upon Paul Butler, Esquire, AKIN, GUMP, STRAUSS, HAUER & FELD LLP, Robert S. Strauss Tower, 2001 K Street, N.W., Washington, D.C. 20006.

                                          /s/_____
                                          TARRA DeSHIELDS
                                          Assistant United States Attorney