UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) |
| v. | ) <br> ) |
| JEREMY WYETH SCHULMAN | ) Crim. No. PX-20-0434 <br> ) |
| Defendant. | ) <br> ) <br> ) |

**JOINT SUBMISSION RELATED TO THE ADMISSION OF FOREIGN DEPOSITION
TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 804(b)**

The United States of America and the defendant Jeremy Schulman, through undersigned counsel, respectfully provide a joint submission setting forth the parties' positions regarding the admissibility of foreign deposition testimony at the upcoming trial, as requested by the Court. ECF 350.

**I.      BACKGROUND**

The Court authorized the Government to take depositions of two witnesses pursuant to Rule 15 of the Federal Rules of Criminal Procedure: Florence Parker (in Switzerland) and Douglas Denham (in the United Kingdom). ECF 130, 305. The Court did so after the Government had represented that, among other things, both witnesses were residing overseas, were beyond the subpoena power of the Court, and were unwilling to testify at trial in the United States. ECF 106 at 7; ECF 274 at 4. During the relevant period, Ms. Parker and Mr. Denham worked at the entities identified in the indictment as Bank A-2 and Currency Printer A, respectively. *See* ECF 1 at ¶¶ 14, 15, 17, 30, 33-36.

1

The deposition of Ms. Parker was held in Zurich, Switzerland on April 25, 2023. Ex. A, Transcript of Florence Parker ("Parker Tr.").[1] Schulman and his counsel attended the deposition in person. Parker Tr. at 12:11-12. Ms. Parker testified in her native language, French. *Id.* at 22:22-23:03. Professional interpreters, who swore on the record to testify to the best of their ability, interpreted her testimony into English. *Id.* at 12:01-18. A consular agent representing the U.S. Embassy in Zurich, Switzerland swore in the witness. *Id.* at 12:22-13:08. Both parties questioned the witness directly (through the use of the interpreters). Schulman's counsel was provided an opportunity for cross-examination. *Id.* at 91:02-126:22. Swiss authorities and counsel for the witness attended the deposition as well, but none of them prevented the witness from answering any questions posed by the defendant on cross-examination. Parker Tr. at 91:02-126:22. The deposition was video-recorded and transcribed.[2]

The deposition of Mr. Denham was held in London, England on December 14, 2023. Ex. B, Transcript of Douglas Denham ("Denham Tr."). Schulman and his counsel attended the deposition in person. Denham Tr. at 5:18-20. Mr. Denham testified in English. The Vice Consul representing the U.S. Embassy in London swore in the witness. *Id.* at 6:05-15. Both parties questioned the witness directly. Schulman's counsel was provided an opportunity for cross-examination. *Id.* at 112:09-236:12. Counsel for the witness attended the deposition but did not prevent the witness from answering any questions posed by the defendant on cross-examination or prevent defense counsel from lodging any objections. Denham Tr. at 112:09-236:12. The deposition was video-recorded and transcribed.

---

[1] Exhibits A and B have been provided directly to the Court for in camera review to protect the confidentiality of the portions of the depositions that the parties agree should not be admitted at trial.
[2] On February 1, 2024, the parties provided the Court with a drive containing the videos of the depositions for *in camera* review.

## II.       THE ADMISSIBILTY OF THE FOREIGN DEPOSITION TESTIMONY

Federal Rule of Evidence 804(b) governs the admissibility of deposition testimony at trial. It provides that former deposition testimony is "not excluded by the rule against hearsay if the declarant is unavailable as a witness" under the following conditions:

> (1)(A): the former testimony "was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one;" and
>
> (B) the former testimony "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination."

Fed. R. Evid. 804(b).  Here, both depositions satisfy the requisite conditions.

As the Court previously found in adjudicating the Government's Rule 15 motions, both Ms. Parker and Mr. Denham are unavailable because the reside overseas, they are beyond the subpoena power of the Court, and despite being requested by the Government to do so, they were unwilling to testify at trial in the United States.  Both witnesses remain unavailable for trial as required by Federal Rule of Evidence 804(a).

As the defense agreed in connection with the Government's motion to take a Rule 15 deposition of Ms. Parker, Swiss law would preclude her from testifying in U.S. courts about the subject of her testimony.  *See* Ex. E, Motions Hearing Transcript, 61:09-18 (Mar. 11, 2022) ("The Court: Well, can I ask you? What's a blocking statute? Mr. MacDougall: It essentially does what Ms. Markopoulos was describing, which allows the government to say you can't -- The Court: You can't go? Mr. MacDougall: You can't go, right. The Court: All right, so then she's unavailable. Mr. MacDougall: Right. The Court: She's unavailable for trial.").

Mr. Denham is also unavailable for trial.  Mr. Denham and his counsel met with the Government on December 13, 2023, and Mr. Denham confirmed that he remained unwilling to travel to the United States for trial in March 2024.

3

Thus, the Government submits that it could not procure the witnesses' attendance at trial "by process or other reasonable means," and declarants are unavailable within the meaning of Rule 804(a)(5).

Further, both depositions were conducted pursuant to orders of this Court issued under Federal Rule of Criminal Procedure 15. Both depositions were thus "lawful" depositions taken "during the current proceeding" within the meaning of Rule 804(b)(1)(A). And the defendant, while present in person and represented by counsel, had a full opportunity to confront the witness with the motive to defend his case at trial, satisfying the requirements of Rule 804(b)(1)(B). The defendant's unhindered ability to cross-examine the witnesses also guaranteed his Sixth Amendment right to confront the witnesses against him. *See United States v. Casamento*, 887 F.2d 1141, 1172-1173 (2d Cir. 1989) (upholding the district court's admission of Rule 15 deposition testimony from Switzerland during a criminal trial and holding that the Swiss procedures ensured an opportunity for effective cross-examination).

The Government submits the deposition testimony of Ms. Parker and Mr. Denham therefore is not excluded by the hearsay rule. Fed. R. Evid. 804; *United States v. Salim*, 855 F.2d 944, 952-955 (2d Cir. 2000) (upholding admission at trial of testimony of deposition taken in France pursuant to Rule 15). Mr. Schulman submits that the Government is required to show that Ms. Parker and Mr. Denham remain unavailable for trial and that the Government has not yet done so. *See* Fed. R. Evid. 804(a)(5), (b)(1). Mr. Schulman also expressly preserves – and does not waive – his opposition to the government's request and to the Court's order permitting the taking of a Rule 15 deposition in this matter.

## III. DISPUTED PORTIONS OF THE PARKER DEPOSITION

The parties have met and conferred regarding the admissible portions of the Parker deposition. To facilitate the Court's review, the parties have provided a highlighted copy of the deposition transcript with the following highlighting[3]:

- NO HIGHLIGHTING: portions of the testimony that the parties agree should *not* be admitted.

- YELLOW: portions of the testimony that the parties agree should be admitted.

- ORANGE: portions of the testimony to which the Government objected during the deposition, and which the Government maintains its objection to admission at trial.

- GREEN: portions of the testimony to which Mr. Schulman (through counsel) objected during the deposition, and the defense maintains its objection to admission at trial.

- BLUE: portions of the testimony containing the objection made by defense counsel in connection with the portions of the witness testimony (highlighted in green) that the defense seeks to exclude.

*See* Ex. A. Where the parties made objections during the deposition that they no longer seek to maintain, the objection itself is not highlighted (so it would not be heard by the jury), but the witness's question and answer are highlighted.

*Exhibits*

In addition to seeking admission of the testimony as shown in the highlighted transcript, the Government seeks admission of Government Exhibits 1-13, which were shown to Ms. Parker during the testimony. The Government submits that the authenticity of the documents is established by the certification obtained by the Government and produced to the defense pursuant to 18 U.S.C. § 3505. *See* Ex. C, Certification of Authenticity of Business Records; *see also* ECF

---

[3] Although the parties intend that only portions of the video, not the transcript, of the depositions will be introduced at trial, the parties recommend that the Court utilize the transcripts as a reference when considering any disputes among the parties regarding the admissible portions of the testimony.

356 at 3-12 (Government's Motion *in Limine* for Preliminary Ruling related to Foreign Business Records). This certification also shows the documents should not be precluded by the rule against hearsay under Section 3505. And the Government submits that the relevance of these exhibits is established by the related testimony.

*The Parties' Objections*

The parties have agreed to provide in this submission, in short form, the grounds for any objection that they seek to sustain to any portion of the testimony. Those objections are set forth below. The parties propose that each side be provided an opportunity at the pre-trial conference on February 20, 2024 to respond to the other side's objections and address any questions from the Court.[4]

*The Government's Objections*

The grounds for the Government's objections to specific portions of the Parker deposition (identified by transcript citation) are as follows:

- *Id.* at 120:21-121:19  We object for irrelevance under Rule 402 and unfair prejudice and confusion of the jury under Rule 403. We submit that it is irrelevant to Ms. Parker's testimony whether she is aware of documents created by the Government long after the facts that are the center of her testimony. And it's confusing and prejudicial to ask the witness about whether the Government showed her a document that the Government created and had no obligation to show her.

- *Id.* at 125:13-18  We object on the grounds that the same question has been asked and answered repeatedly and was done so in argumentative fashion here.

---

[4] The Government understands that if the Court rules on the portions of the video that are admissible at trial by February 20, 2024 or shortly thereafter, the Government will have sufficient time for its vendor to complete the editing of the videos (and to provide a copy to the defense) by the start of trial on March 4, 2024. The Government anticipates that Ms. Parker and Mr. Denham's testimonies likely would be introduced during the first week of trial. The parties respectfully requests that the Court take up the disputed issues surrounding the deposition testimony the conference on February 20, rather than on February 26, to allow sufficient time for the video editing to be completed.

- *Id.* at 126:08-13 We object on the grounds that it is irrelevant whether Citi Switzerland took actions in 2019 or thereafter – long after the events at issue – and the testimony is confusing/prejudicial and should be excluded under Rule 403.

> *The Defense's Objections*

Mr. Schulman's objections to specific portions of the Parker deposition are identified in the annotated transcript provided to the Court. The grounds for the defendant's objections to specific portions of the Denham deposition are identified in the annotated transcript are categorized as follows:

Authentication Objections.  Rule 901 requires the authentication or identification of evidence in which, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).  18 U.S.C. § 3505 excepts foreign business records from the exclusion under the rule against hearsay pursuant to Rule 802 and permits the admission of foreign business records as evidence in criminal proceedings in the United States. 18 U.S.C. § 3505(a)(1).  To be properly admitted, the foreign business records must be accompanied by a certification attesting that

> (A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;
> (B) such record was kept in the course of a regularly conducted business activity;
> (C) the business activity made such a record as a regular practice; and
> (D) if such record is not the original, such record is a duplicate of the original;
> unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

18 U.S.C. § 3505(a)(1).

Under this statute, the foreign certification be "a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another

qualified person that, if falsely made, would subject the maker to criminal penalty under the laws of that country." 18 U.S.C. § 3505(c)(2).

First, the government's use of 18 U.S.C. § 3505 is improper here, insofar as § 3505(b) requires that, "[a]t the arraignment or as soon after the arraignment as practicable, a party intending to offer in evidence under this section a foreign record of regularly conducted activity shall provide written notice of that intention to each other party." Here, the Indictment was returned on December 2, 2020 (ECF No. 1) and Mr. Schulman was arraigned on December 7, 2020, yet the government inexplicably did not provide notice of its intent to rely upon a § 3505 certification until July of 2023 and well after the deposition of Ms. Parker occurred. Accordingly, the government failed to satisfy the requirements of § 3505.

Second, the government seeks to utilize § 3505 for the admission of exhibits 1-13 offered during the Parker deposition. *See* Ex. C, Certification of Authenticity of Business Records; *see also* Government's Motion in Limine for Preliminary Ruling related to Foreign Business Records at 3-12 (ECF No. 356) (Jan. 23, 2024). Mr. Schulman recognizes that the Certification of Authenticity of Business Records is compliant with the requirements of 18 U.S.C. § 3505(a)(1) insofar as it is a pro forma recitation by Peter Leuzinger, General Counsel of Citibank (Switzerland) AG, of the requirements of § 3505. Consistent with the language of 18 U.S.C. § 3505(a)(1), Mr. Leuzinger declares that the

> the documents attached hereto are original records or true copies of records that…were made at or near the time of the occurrence of the matters set forth therein, by (or from information transmitted by) a person with knowledge of those matters…were kept in the course of regularly conducted business activity…were made by the said business activity as a regular practice; and…if not original records are duplicates of original records.

*Id.*

However, despite meeting the written requirements of the § 3505 certification, Mr. Schulman notes that the records Mr. Leuzinger seeks to authenticate as, "made by the said business activity as a regular practice," correspondence from Mr. Schulman, including exhibit 7, which is the letter correspondence from Mr. Schulman to Parker on October 1, 2009, enclosing a, "Power of Attorney," signed by Ali Abdi Amalow as Governor of the Central Bank of Somalia, executed on September 28, 2009. *See* Ex. D at 2-3, Parker Government Exhibit 7. Since the inception of this matter, the veracity of this document has been extensively debated.[5] *See e.g.*, Ind. at 8-9 (Dec. 2, 2020) (ECF No. 1).

### IV.  DISPUTED PORTIONS OF THE DENHAM DEPOSITION

The parties have met and conferred regarding the admissible portions of the Denham deposition. To facilitate the Court's review, the parties have provided a highlighted copy of the deposition transcript with the following highlighting, using the same color scheme described above. *See* Ex. B.[6]

Where the parties made objections during the deposition that they no longer seek to maintain, the objection itself is not highlighted (so it would not be heard by the jury), but the witness's question and answer are highlighted.

*Exhibits*

In addition to seeking admission of the testimony as shown in the highlighted transcript, the Government seeks admission of all the exhibits that were shown to Mr. Denham during the testimony. These are the following: Government Exhibits 14, 15, 17, 18, 20, 21, 23, 24, 25, 26,

---

[5] Mr. Schulman does not presently argue the veracity of this record.

[6] As stated *supra,* although the parties intend that only portions of the video, not the transcript, of the depositions will be introduced at trial, the parties recommend that the Court utilize the transcripts as a reference when considering any disputes among the parties regarding the admissible portions of the testimony.

26A, 27, 28, 29, and 30. The Government submits that the authenticity of the documents is established by Mr. Denham's testimony.[7] The Government submits that the relevance of these exhibits is also established by the related testimony.

*The Parties' Objections*

As described above, the parties have agreed to provide in this submission, in short form, the grounds for any objection that they seek to sustain to any portion of the testimony. Those objections are set forth below. The parties propose that each side be provided an opportunity at the pre-trial conference on February 20, 2024 to respond to the other side's objections and address any questions from the Court.

*The Government's Objections (N/A)*

The parties do not have any disputes related to the Government's objections during the deposition.

*The Defendant's Objections*

Mr. Schulman's objections to specific portions of the Parker deposition are identified in the annotated transcript provided to the Court. The grounds for the defendant's objections to specific portions of the Denham deposition are identified in the annotate transcript are categorized as follows:

<u>Improper Opinion Testimony</u>. "Rule 701 concerns lay opinion evidence and authorizes a witness 'not testifying as an expert' to present opinion evidence that is '(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the

---

[7] Although Mr. Denham himself provided a custodian of records certification when the documents were originally produced, the Government principally relies on his testimony, rather than the certification, for authentication.

scope of Rule 702.'" *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019) (citing Fed. R. Evid. 701). Mr. Schulman maintains these particular objections recognizing that, "'the line between lay opinion testimony under Rule 701 and expert testimony under Rule 702 is a fine one,' the 'guiding principle' in distinguishing lay from expert opinion is that lay testimony must 'be based on personal knowledge).'" *Id.* citing *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010). Moreover, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury…" Fed. R. Evid. 403. Nevertheless, Mr. Schulman maintains his objections to the highlighted portions of the Denham testimony in which he presents, "technical[] or other specialized knowledge within the scope of Rule 702," though he has not been designated as an expert witness under Rule 702. *See Farrell*, 921 F.3d at 143 citing Fed. R. Evid. 701. Additionally, to admit portions of Denham's testimony representing improper expert witness testimony would be prejudicial, confuse the issues, and could foreseeably mislead a jury. Because Denham's testimony is offered as lay testimony, portions of his deposition representing expert witness should be excluded from evidence under Rules 701 and 403.

<u>Hearsay and Authentication</u>. Hearsay is statement made by a declarant outside of the current trial or hearing, offered as evidence by a party to "prove the truth of the matter asserted in the statement[,]" and is generally inadmissible. Fed. R. Evid. 801(c); Fed. R. Evid. 802. Rule 801(d) provides for certain conditions in which statements by an opposing party that are offered against that party are not considered hearsay, and thus are admissible. Fed. R. Evid. 801(d)(2). Rule 901 requires the authentication or identification of evidence in which, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Throughout Denham's deposition, the government presented him with government exhibits 14, 15, 17, 18, 20, 21, 23, 24, 25, 26, 26A, 27, 28, 29, and 30. Among other

things, the government's exhibits are comprised of various correspondence, such as letters and email exchanges, between Mr. Schulman and Denham. During Denham's deposition, the government asks Denham to read verbatim from these exhibits, including emails from Mr. Schulman, in which Denham was neither sent the email or copied on the correspondence directly. While Mr. Schulman recognizes that these particular exhibits are offered under Rule 801(d)(2) as statements by an opposing party, the government did not lay the proper foundation as required by Rule 901 in order for Denham to read from those exhibits into evidence. Accordingly, these portions of Denham's testimony should be excluded.

### V. PROPOSED JURY INSTRUCTION

The parties propose that the Court instruct the jury in advance of playing the Parker and Denham video testimony. It is the parties' intention that the videos by played in court and that the jurors be provided copies of the exhibit in hard copy, in binders, to reference during the testimony.[8] The parties propose that the Court provide the following instruction before beginning the video testimony from each witness:

*Ladies and gentlemen, at this juncture, the government intends to play videotapes for you. These videotapes are testimony of two individuals who were deposed. That is, statements were taken from these two witnesses under oath outside the country in order to bring their testimony to you.*

*The witnesses are Ms. Florence Parker, who gave a deposition in Switzerland, and Mr. Douglas Denham, who gave a deposition in the United Kingdom.*

---

[8] The parties will also explore whether it would be feasible at trial for the jurors to view both the witness testimony and the exhibits onscreen, either through the use of a split screen or an additional large monitor.

*When a deposition is taken in a case, you may consider that deposition and that statement of the witness just as if the witness were here on the witness stand. Counsel for both the Government and the defendant, as well as the defendant himself, were present at these depositions. Accordingly, in the videos, you will see direct examination of the witness by the Government, cross-examination by the defense, and redirect examination by the Government, just as you are seeing with the witnesses that the Government is bringing into court for trial.*

*You should evaluate the video testimony just as you would any live witness here in court. You should not give the witness's testimony any more weight, or any less weight, simply because the witness's testimony was previously given during a deposition overseas and is being shown here on video.*

*Now, beyond that, there are some logistical issues that you should understand.*

*The testimony of one of the witnesses, Ms. Parker, will be not in the English language. It will be in French.  As you will see, there were interpreters at the deposition who interpreted both the questions and answers from English to French and vice versa.  Even if you speak French, you should rely entirely on the English translation of the witness's answers as her testimony.*

*In order to assist you to follow the depositions, you will be given notebooks with the exhibits that are being shown to the witnesses.  So, you can look at the same exhibits that are being discussed with the witness. But please do not turn to any exhibits until you are told to do so, or until an exhibit is shown to the witness during the video testimony.*

*If at any point you are having difficulty hearing the video, or you cannot follow which exhibit is being discussed with the witness, please raise your hand, and I will pause the video to address the issue.*

*\* \* \**

Respectfully submitted,

*Counsel for the Government*:

| | |
|---|---|
| GLENN LEON<br>Chief<br>Fraud Section | EREK L. BARRON<br>United States Attorney<br>District of Maryland |
| /s/ | /s/ |
| Jason M. Manning<br>Allison L. McGuire<br>Trial Attorneys | David I. Salem<br>Assistant United States Attorney |

*Counsel for the Defendant*:

By:     /s/
      Paul W. Butler
      Allison S. Thornton
      Madeline M. Bardi
      Akin Gump Strauss Hauer & Feld LLP

By:     /s/
      Stanley E. Woodward
      Brand Woodward Law