Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006

T  +1 202.887.4000
F  +1 202.887.4288
akingump.com



**Paul W. Butler**
+1 202.887.4069 /fax: +1 202.887.4288
pbutler@akingump.com

February 12, 2024

The Honorable Paula Xinis
United States District Judge
c/o Clerk's Office
United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770-1249

    Re:   *United States v. Jeremy Schulman* (Cr. No. PX-20-434) – Correspondence regarding Motion to Dismiss the Indictment based on Newly Discovered Evidence of Prosecutorial Misconduct, ECF No. 362

Dear Judge Xinis:

    We write with another development related to Mr. Schulman's Motion to Dismiss the Indictment based on Newly Discovered Evidence of Prosecutorial Misconduct and to ensure that the government fully addresses the below issue in its February 16 opposition brief. *See* ECF No. 362, 365.

    On January 30, 2024, all three government attorneys and SA Schumaker interviewed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Abdiaziz Amalo. An FD-302 was produced from this interview. *See* Ex. 1, Jan. 30, 2024 A. Amalo FD-302. The FD-302 relates to allegations in the indictment regarding an August 2010 letter from the Somali Attorney General, which the government charges was forged and provided to Bank Intesa in Italy. Ind. ¶ 40. The newly-produced FD-302 reflects the following statements by Mr. Amalo:





The Honorable Paula Xinis
February 12, 2024
Page 2



Ex. 1 at 1 (emphases added).

The "Attorney General letter" was presented to the grand jury as one of the "▇▇▇▇▇▇" underlying the indictment. *See* Ex. 2, Tr. of Grand Jury Proceedings at 8:22-23 (Dec. 2, 2020). The government's case agent also testified before the grand jury that Mr. Schulman knowingly conspired with Mr. Amalo to forge the Attorney General letter. For example, the government elicited testimony from its case agent that "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" *See* ECF No. 362, Ex. 9 at 34:5-6. Mr. Schulman denied allegations that he forged this document in his 2017 proffer. But, of course, the government did not present any of that testimony to the grand jury, despite its willingness to use Mr. Schulman's proffer statements against him when they thought it was to their advantage.

Mr. Amalo had previously told a very different story regarding the creation of the Attorney General letter. In an FD-302 of an interview from March 30, 2017, he stated:



*See* ECF No. 362, Ex. 15 at 9-10.

This is no mere discrepancy in recollection. Mr. Amalo's statements are replete with fabricated inculpatory quotes from Mr. Schulman. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Prosecutorial misconduct also encompasses the impropriety of knowingly using false or perjured evidence in the government's case-in-chief. *See United States v. Pollock*, 417 F. Supp. 1332 (D. Mass. 1976) (cited in *United States v. Omni International Corp.*, 634 F. Supp. 1414, 1437 (D. Md. 1986)). The wholesale adoption of Mr. Amalo's statements as facts and the studious avoidance of investigating and presenting exculpatory evidence has infected this entire matter and Mr. Schulman's ability to receive a fair trial. Mr. Amalo's unreconcilable sworn statements constitute separate violations of 18 U.S.C. § 1001. The government's willingness to turn a blind eye to Mr. Amalo's wrongdoing constitutes an independent instance of prosecutorial misconduct.



The Honorable Paula Xinis
February 12, 2024
Page 3

\*      \*      \*

      The Court held a recorded call in this matter on Tuesday, February 6, 2024. On that recorded call, the Court instructed the parties to meet and confer regarding an amended pretrial scheduling order. Defense counsel met and conferred with the government, in good faith, regarding the amended pretrial scheduling order via email on Tuesday, February 6 and via phone on Wednesday, February 7. As a result of those discussions, defense counsel agreed that the government could file a sur-reply as to materials produced by the government on February 6, 2024.

      At no point during the February 6, 2024 recorded call or during the meet and confers did the government advise defense counsel that it would produce discovery contradicting the testimony of [REDACTED]—even though the government knew that such discovery would bear upon Mr. Schulman's Motion to Dismiss the Indictment based on Newly Discovered Evidence of Prosecutorial Misconduct.

      Thus, Mr. Schulman respectfully requests that the Court require the government to address this evidence in its opposition brief, due on February 16, 2024.

Sincerely,

Paul W. Butler
Allison T. Coffin
Madeline M. Bardi
*Counsel for Jeremy Wyeth Schulman*

cc:   Stanley E. Woodward Jr., Esq., Brand Woodward Law

Enclosures