**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
Greenbelt Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Case No. PX-20-0434** |
| | : | |
| **JEREMY WYETH SCHULMAN** | : | |

### MOTION TO EXCLUDE INADMISSIBLE TESTIMONY OF LARRY JAY BEABES

Defendant Jeremy Schulman, by and through counsel, respectfully moves this Court to preclude the government from eliciting any testimony or evidence concerning alleged prior bad acts by Mr. Schulman pursuant to Rules 401, 403, and 404(b) of the Federal Rules of Evidence. On Friday, March 22, 2024, the government noticed its intent to elicit testimony from Larry Jay Beabes, the Controller at Shulman, Rogers, Gandal, Pordy, Ecker, P.A. ("Shulman Rogers"), regarding Mr. Schulman's compliance with Shulman Rogers' financial rules and procedures and Mr. Beabes' impression of Mr. Schulman's attitude towards such procedures. The government should be precluded from (i) eliciting such testimony or (ii) presenting argument that Mr. Schulman's compliance with and opinions regarding the Shulman Rogers financial rules and procedures is evidence of Mr. Schulman's intent, knowledge, opportunity, absence of mistake, and lack of accident as to the charged conduct. *See* Ex. 1, Notice Regarding Anticipated Trial Evidence Pursuant to Federal Rule of Evidence 404(b)(3) ("Notice").

The government has noticed its intent to elicit testimony from Shulman Rogers Controller Mr. Beabes that:

- Mr. Schulman did not provide backup documentation for some expenses related to Somalia;

- Mr. Schulman was resistant to the firm's financial rules and procedures; and

- Mr. Schulman conveyed to the Finance Department that he did not care about firm policies requiring receipts. When Mr. Beabes raised an issue with Mr. Schulman about this, Mr. Schulman told Mr. Beabes that he should take Mr. Schulman at his word.

*See* Ex. 1 at 2. The Notice asserts that this testimony relates to its allegation that:

> [Mr. Schulman] in connection with causing Shulman Rogers to register with the Department of Justice under the Foreign Agents Registration ("FARA"), 'concealed from a senior member of [Shulman Rogers'] management and others at [Shulman Rogers] that SCHULMAN and Amalo created the 2009 Fraudulent Decree Translation, and that SCHULMAN knew that Former Governor 1 had merely been appointed as an advisor to the Transitional Government of Somalia.

Ex. 1 (quoting Indictment, ECF No. 1 (Dec. 2, 2020), at ¶ 39). The government has also alleged that Mr. Schulman worked with co-conspirator (and cooperator) Abdi Amalo, "to create a fraudulent invoice" that "contained entries reflecting work that Amalo did not actually perform and that Schulman knew were false." Ex. 1 at 2 (quoting Indictment at 19-20 ¶¶60-63).

## ARGUMENT

The testimony the government intends to elicit from Mr. Beabes is inadmissible. The testimony is not relevant. To the extent it is relevant, it should be precluded because it is unfairly prejudicial, confuses the issues, and misleads the jury; or, in the alternative, is improper character evidence.

### A. The Proffered Testimony is Not Relevant.

"[A]ny evidence which tends to make the existence of a fact of consequence to an issue in the case 'more probable or less probable' than without the evidence is relevant and therefore, as a general proposition, admissible." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (citing Fed. R. Evid. 401, 402). Mr. Schulman's conduct with respect to the submission of supporting documentation for expenses (or even the refusal to provide the same) is not relevant to the charged conduct. The noticed testimony does not make it more or less likely that Mr. Schulman allegedly

caused Shulman Rogers to submit a false FARA filing or provide payment to Haden Global Services based on false invoices. To the contrary, such evidence merely permits the jury to draw inferences based upon "speculation or conjecture" and the testimony should be excluded.

### B. The Proffered Testimony of Mr. Beabes is Unfairly Prejudicial, Confuses the Issues, or Misleads the Jury.

Rule 403 of the Federal Rule of Evidence requires that the probative value of evidence, "must not be 'substantially outweighed' by its prejudicial nature." *Id.* at 995. Ultimately, propensity evidence of this nature must be "excluded because it might 'overpersuade' a jury and cause them to 'prejudge one with a bad general record.'" *Id.* (quoting *Michelson v. United States*, 335 U.S. 469, 475-76 (1948)). Even if the testimony and proffered by the government overcomes a "liberal threshold of relevance," any probative value is substantially outweighed by its unfair prejudice, risk of confusion, and likelihood of misleading the jury. *Guthrey v. Cal. Dep't of Corrs. and Rehab.*, No. 1:10-cv-02177, 2012 U.S. Dist. LEXIS 89174, at *24 (E.D. Cal. June 27, 2012). Mr. Schulman's conduct with respect to Shulman Rogers' accounting practices *does not* mean that he has a propensity to commit fraud.

### C. The Proffered Testimony of Mr. Beabes is Improper Character Evidence.

Even if the government's proffered testimony is relevant, and even if it is not more prejudicial than probative, it is inadmissible because it is improper character evidence. "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See* Fed. R. Evid. 404(b)(1). The government intends to rely upon Mr. Beabes' testimony to prove that because Mr. Schulman allegedly "did not provide backup documentation for some expenses related to Somalia . . . was resistant to the firm's financial rules and procedures . . . [and] that he did not care about firm policies regarding receipts[,]" that he is likely to have created false documents as alleged in

3

the Indictment. Ex. 1 at 3-4. But the charges against Mr. Schulman and the proffered testimony of Mr. Beabes are distinct, and the proffered testimony does not serve any legitimate purpose in the jury's consideration of the charged conduct pursuant to Rule 404(b)(2). It does not show Mr. Schulman's intent, knowledge, opportunity, absence of mistake, and lack of accident with respect to the charged conduct. *See United States v. Hall*, 858 F.3d 254, 260-61 (4th Cir. 2017) (prior conviction could not be used to show knowledge and intent to commit a later drug offense).

While the Federal Rules of Evidence and the Fourth Circuit recognize exceptions to Rule 404(b)(1), the proffered testimony does not fall within any of these exceptions: the proffered testimony is not intrinsic to the charged offenses and does not prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b)(1). For evidence to be intrinsic it must be "probative of an integral component of the crime on trial or provide information without which the factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself." *United States v. Brizuela*, 962 F.2d 784, 795 (4th Cir. 2020). This analysis "requires a hard look to ensure that there is a clear link or nexus between the evidence and the story of the charged offense, and that the purpose for which the evidence is offered is actually essential." *Id.* The noticed conduct is not intrinsic to the charged offenses. This testimony squarely falls within Rule 404(b)(1)'s prohibition on the admission of "bad acts" evidence for the sole purpose of proving that a defendant acted in accordance with such character. The government attempts to tie the proffered testimony to the charged conspiracy by asserting that Mr. Schulman "deceived Shulman Rogers in furtherance of the fraud scheme" through the submission of allegedly false FARA filings and the payment of the Haden Global Services invoice. Ex. 1 at 3. Contrary to the government's contention, Mr. Schulman's general conduct at the firm, even as it related to firm financial matters, is not intrinsic

to the charged conduct. The proffered testimony and the charged conspiracy—even those elements related to the alleged deception of Shulman Rogers—are not part of a "single criminal episode." *United States v. Otuya*, 720 F.3d 183, 188 (4th Cir. 2013). The government need not present—and a jury need not hear—evidence regarding Mr. Schulman's practice with respect to submitting reimbursement expenses to develop a complete story of the government's charges against Mr. Schulman. *Queen*, 132 F.3d at 997. *See also Hall*, 858 F.3d at 260 (district court abused discretion in admitting evidence regarding defendant's prior conviction where no connection between prior conviction and instant offense).

## CONCLUSION

For the foregoing reasons, Mr. Schulman respectfully requests that this Court exclude the testimony proffered by the government in its March 22, 2024, 404(b) Notice.

Dated: March 27, 2024                                  Respectfully submitted,

*/s/*_____
Paul W. Butler (*Pro Hac Vice*)
Allison T. Coffin (*Pro Hac Vice*)
Madeline M. Bardi (*Pro Hac Vice*)
*Counsel for Jeremy Wyeth Schulman*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:   pbutler@akingump.com
             acoffin@akingump.com
             mbardi@akingump.com


*/s/*_____
Stanley E. Woodward (MD Bar No. 18115)
*Counsel for Jeremy Wyeth Schulman*
Brand Woodward Law
1808 Park Rd NW
Washington, DC 20010

Telephone:  (202) 996-7447
Fax:  (202) 996.0113
E-mail:   stanley@brandwoodwardlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 27th day of March 2024, I electronically filed the foregoing Motion to Exclude Inadmissible Testimony of Larry Jay Beabes with the Clerk of the Court for the U.S. District Court for the District of Maryland, using the Court's CM/ECF system. The CM/ECF system sent a "Notice of Electronic Filing" to all counsel of record who have entered an appearance in this matter.

Dated: March 27, 2024                                    Respectfully submitted,

                                                                   */s/*  
                                                                   Paul W. Butler (*Pro Hac Vice*)  
                                                                   *Counsel for Jeremy Wyeth Schulman*  
                                                                   Akin Gump Strauss Hauer & Feld LLP  
                                                                   2001 K Street NW  
                                                                   Washington, DC 20006  
                                                                   Telephone:  (202) 887-4000  
                                                                   Fax:  (202) 887-4288  
                                                                   E-mail:  pbutler@akingump.com