# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-20-0434 |
| | * | |
| JEREMY WYETH SCHULMAN, | * | |
| | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**GOVERNMENT'S NOTICE REGARDING ANTICIPATED TRIAL EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)(3)**

The United States of America, by and through its undersigned attorneys, hereby respectfully submits the following notice of intent to introduce at trial certain evidence pursuant to Federal Rule of Evidence 404(b)(3).

I.   **BACKGROUND**

   a.   **The Upcoming Trial**

The Government will seek to prove at trial that Schulman committed eleven federal crimes: Conspiracy to Commit Mail Fraud, Wire Fraud, and Bank Fraud (Count One); Wire Fraud (Counts Two, Three, and Four); Bank Fraud (Count Five); Mail Fraud (Count Six); Conspiracy to Commit Money Laundering (Count Seven); and Money Laundering (Counts Eight, Nine, Ten, and Eleven). ECF 1 ("Ind."). The following scheme to defraud undergirds many of the charged crimes:

> Between in or about July 2009 and in or about July 2014, SCHULMAN, [Abdiaziz] Amalo and others attempted to and did fraudulently obtain control over money and gold that was the property of the Central Bank of Somalia. These Somali sovereign assets, worth hundreds of millions of dollars, were held in accounts that had been frozen since approximately 1991 due to civil war and political instability in Somalia. Beginning in July 2009, SCHULMAN, Amalo and others engaged in a scheme to defraud, which scheme and artifice would affect at least one financial institution,

1

>namely Bank A-1, in which they attempted to unfreeze the accounts and take control of the accounts based on fraudulent, material misrepresentations about their authority to act on behalf of the Somali government.

Ind. at ¶ 21.

During the scheme, Schulman worked at the law firm Shulman Rogers (identified as Law Firm A in the indictment), and the indictment alleges that Schulman "also deceived [Shulman Rogers] through false and fraudulent documents." *Id.* at ¶ 23. That aspect of the scheme is particularly relevant to the Noticed 404(b) Evidence, as set forth below.

Specifically, the indictment alleges that Schulman, in connection with causing Shulman Rogers to register with the Department of Justice under the Foreign Agents Registration Act ("FARA"), "concealed from a senior member of [Shulman Rogers'] management and others at [Shulman Rogers] that SCHULMAN and Amalo created the 2009 Fraudulent Decree Translation, and that SCHULMAN knew that Former Governor 1 had merely been appointed as an advisor to the Transitional Government of Somalia." *Id.* at ¶ 39.

Further, the indictment alleges that Schulman "caused [Shulman Rogers] to transfer more than $690,000 of the Somali sovereign assets to a company controlled by [co-conspirator] Amalo, a portion of which Amalo kept for his own benefit, and a portion of which Amalo wired overseas to enrich Co-Conspirator 1." *Id.* Schulman caused Shulman Rogers to make this payment to Haden Global Services (the company controlled by Amalo) by working with Amalo "to create a fraudulent invoice" that "contained entries reflecting work that Amalo did not actually perform and that SCHULMAN knew were false." *Id.* at ¶¶ 60-61. Schulman then caused the fraudulent invoice to be sent to Shulman Rogers' finance personnel, and "SCHULMAN and Amalo thereby billed [Shulman Rogers] for services that were not actually performed by Haden Global Services and concealed from [Shulman Rogers] their involvement in the fraud." *Id.* at ¶ 63.

2

The allegations that Schulman deceived Shulman Rogers in furtherance of the fraud scheme are among the overt acts alleged in furtherance of Count 1 (Conspiracy to Commit Mail Fraud, Wire Fraud, and Bank Fraud). Further, these allegations undergird Count 4 (Wire Fraud), which arises from a "[w]ire transfer in the amount of $673,784 from a bank account controlled by [Shulman Rogers] in Maryland to a bank account controlled by Haden Global Services, which was transmitted interstate through the Fedwire Funds Service." *Id.* at p. 23, Count Four.

At trial, the Government anticipates that it will prove these allegations through, among other things, email evidence related to the creation and transmission of the FARA submissions; email evidence related to the creation and transmission of the fraudulent invoice; Amalo's testimony; testimony of former Shulman Rogers' executives—and the Noticed 404(b) Evidence.

### b. The Noticed 404(b) Evidence

In support of the allegations that Schulman deceived Shulman Rogers in furtherance of the scheme, and that Schulman caused a fraudulent invoice to be submitted to Shulman Rogers for payment, the Government intends to introduce evidence of conduct that arguably constitutes prior bad acts. This Noticed 404(b) Evidence would be admitted through the testimony of former Shulman Rogers Chief Financial Officer Larry Beabes. The Noticed 404(b) Evidence relates to Schulman's disregard for Shulman Rogers' financial policies and procedures specifically during his work related to Somalia and in his general practice.

FBI memoranda memorializing interviews with Mr. Beabes reflect that he conveyed, among other things, the following, in sum and substance:

- Schulman did not provide backup documentation for some expenses related to Somalia.
- Schulman was resistant to the firm's financial rules and procedures.

3

- Schulman conveyed to the Finance Department that he did not care about firm policies requiring receipts. When Mr. Beabes raised an issue with Schulman about this, Schulman told Mr. Beabes that he should take Schulman at his word.[1]

At trial, Mr. Beabes is expected to provide testimony consistent with this information. This Noticed 404(b) Evidence is probative of Schulman's intent, knowledge, opportunity, absence of mistake, and lack of accident when submitting the fraudulent invoice to Shulman Rogers' finance personnel and when causing Shulman Rogers' management to submit false and fraudulent information as part of its FARA submissions.

The Noticed 404(b) Evidence falls outside the ambit of Rule 404 because "acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008). Insofar as the Noticed 404(b) Evidence relates to Schulman's conduct in causing Shulman Rogers to reimburse expenses and/or make payments in connection with the Somalia asset recovery scheme that is central to the charged crimes, it is intrinsic to the alleged crimes. It is therefore not subject to exclusion under Rule 404. *United States v. Otuya*, 720 F.3d 183, 188-189 (4th Cir. 2013) (holding that "acts "intrinsic to the alleged crime . . . do not fall under Rule 404(b)'s limitations to begin with" and explaining that "[o]ur cases have held that evidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense."). Nevertheless, we provide this notice out of an abundance of caution.

Moreover, even if the Noticed 404(b) Evidence were deemed not to be intrinsic, it would be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity,

---

[1] *See* Ex. A, DOJ-SCH-0002487966, Interview of Larry Beabes (April 27, 2017), at 2-3, 8; Ex. B, DOJ-SCH-0002486532, Interview of Larry Beabes (April 12, 2023), at 2. The FBI memoranda are not intended to be verbatim transcripts and they have not been specifically adopted or ratified by Mr. Beabes. They are included here merely to capture the general sum and substance of the anticipated Noticed 404(b) Evidence.

absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1); *see also United States v. Queen*, 131 F.3d 991, 994 (4th Cir. 1997) (establishing four criteria for admission of evidence pursuant to Rule 404(b) and 403).

This notice is intended to provide Schulman with a fair opportunity to meet the evidence at trial. Fed. R. Evid. 404(b)(3)(A). To that end, the Government has already produced to the defense the FBI memoranda related to interviews of Mr. Larry Beabes.

Respectfully submitted,

| | |
|---|---|
| GLENN LEON<br>Chief<br>Fraud Section | EREK L. BARON<br>United States Attorney<br>District of Maryland |
|   /s          <br>Jason M. Manning<br>Allison L. McGuire<br>Trial Attorneys |   /s          <br>David I. Salem<br>Assistant U.S. Attorney |