IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. PX-20-0434 |
| | : | |
| JEREMY WYETH SCHULMAN | : | |

**MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW TO EXCLUDE TESTIMONY OF YUSSUR ABRAR**

Defendant Jeremy Schulman, by and through counsel, respectfully moves this Court to preclude the government from eliciting any testimony from Yussur Abrar at trial pursuant to Fed. R. Evidence 403. On April 9, 2024, the government noticed its intent to elicit testimony from Ms. Abrar, a former Governor of the Central Bank of Somalia, regarding "her actions related to Shulman Rogers and her interactions with Schulman and Co-conspirator 1." Government's Trial Brief, ECF No. 414 at 11. Multiple witnesses who would rebut Ms. Abrar's testimony are unavailable to Mr. Schulman at trial due to the government's delay. Accordingly, due to the unfair prejudice that would be caused to Mr. Schulman if Ms. Abrar were permitted to testify, the government should be precluded from eliciting her testimony under Rule 403. In support thereof, Mr. Schulman submits the following.

**BACKGROUND**

Ms. Abrar only served as the governor of the Central Bank for less than two months—from September 13, 2013 until November 1, 2013. Nevertheless, Ms. Abrar is the only Somali official who will testify in the government's case-in-chief in support of the government's theory that Mr. Schulman lacked authority to engage in asset recovery efforts.

Based on prior statements made by Ms. Abrar to the government's investigators, defense counsel expects Ms. Abrar's testimony to include allegations of corruption against President

Hassan Sheikh Mohamud, Foreign Minister Fawzia Adam, and former Central Bank Governor Abdusalam Omer. See Def's. Mot. to Dismiss, ECF No. 362, at Exs. 29 and 30. Defense counsel also expects Ms. Abrar to testify about fears for her safety and possible retaliation by Abdiaziz Amalo, Musa Ganjab, and President Mohamud. For instance, Ms. Abrar made the following statements to investigators throughout the course of the investigation. These statements are independently inadmissible pursuant to the Hearsay Rule. They also shed light on the substance of her expected testimony:

- "ABRAR told President MOHAMUD that the transaction with SHULMAN ROGERS was all wrong. The contract was wrong and the Power of Attorney was wrong. . . she further told him that she is a United States citizen and the transaction falls under the U.S. laws of Foreign Corrupt Practices Act (FCPA)" ECF No. 362-31 (Ex. 29) at 4.

- "ABRAR told ADAM that she did not want to believe that ADAM would be involved in corruption. ADAM told her that no one says no to this President." ECF 362-31 (Ex. 29) at 4.

- "The younger AMALO called GANJAB and said 'you're related to the President, right?' AMALO told GANJAB that they could get his uncle out of the way, bring OMER into it and get a commission." ECF No. 362-31 (Ex. 29) at 3.

- "By this point ABRAR was concerned for her safety and decided to give GANJAB and President MOHAMUD the impression that she was going to sign on the Dubai account." ECF No. 362-31 (Ex. 29) at 8.

- "During this time frame Abar became concerned for her safety. She called a friend who worked at the State Department and wanted him to know about the situation. She told him that if something ever happened to her it would be because she would not sign the documents." ECF No. 362-32 (Ex. 30) at 7.

This Court has found that President Mohamud, Foreign Minister Adam, and Governor Omer are now unavailable due to the government's preindictment delay and that Mr. Schulman is prejudiced by their absence. Mem. Op., ECF No. 308 at 29, 37–47. As such, none of these

2

witnesses are available to testify at trial to rebut Ms. Abrar's testimony. *Id.* To prevent unfair prejudice to Mr. Schulman from the government's delay, Ms. Abrar's testimony should also be excluded.

## LEGAL STANDARD

"Few rights are more fundamental than that of an accused to present witnesses in his own defense," *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973), and the compulsory process clause of the Sixth Amendment is violated when a defendant is "arbitrarily deprived" of "relevant and material" witnesses that are "vital to the defense." *United States v. Beyle*, 782 F.3d 159, 170 (4th Cir. 2015) (citations omitted). When witness testimony is lost or unavailable, "the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning" the party which led to the improper loss of the evidence. *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995).

It is within a trial court's discretion to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) ("We use the term ['*in limine'*] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). Under Rule 403, the trial court has discretion exclude relevant evidence "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Mosby*, No. 22-CR-00007-LKG, 2024 WL 96349, at *2 (D. Md. Jan. 9, 2024) (citing Fed. R. Evid. 403.). *See also United States v. Ausby*, 436 F. Supp. 3d 134, 155 (D.D.C. 2019) ("[R]isk of confusion and unfair prejudice substantially outweighs the testimony's probative value and the testimony is excluded under Rule 403.").

In criminal cases, "unfairly prejudicial evidence 'speaks to the capacity of some concededly relevant evidence to lure the factfinding into declaring guilty on a ground different from proof specific to the offense charged.'" *United States v. Diaz*, 2023 U.S. App. LEXIS 25846, at 4 (4th Cir. 2023) (*quoting Old Chief v. United States*, 519 U.S. 172, 180 (1997)). In addition, the Fourth Circuit has found unfair prejudice where there is "a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Udeozor*, 515 F.3d 260, 264 (4th Cir. 2008) (quoting *United Stated v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)). *See also United States v. Greenwood*, 796 F.2d 49, 53 (4th Cir. 1986) ("The prejudice which the rule is designed to [guard against is] jury emotionalism or irrationality.")

## ARGUMENT

The testimony the government intends to elicit from Ms. Abrar should be precluded under Fed. R. Evid. 403 because the expected testimony is unfairly prejudicial, confuses the issues, and misleads the jury. Compounding the prejudice to Mr. Schulman is the unavailability of material witnesses that are vital to Mr. Schulman's defense. *Beyle*, 782 F.3d at 170. Accordingly, the Court should exclude Ms. Abrar's testimony in whole.

The key allegations in the Indictment relate to asset recovery efforts spanning from 2009 through 2013. Ms. Abrar served as Central Bank Governor for *less than two months* in 2013. And yet, Ms. Abrar is the only Somali official from whom the jury will hear. Testimony of other Somali officials such as President Mohamud, Foreign Minister Adam, and Governor Omer would squarely rebut the Indictment's allegations and support Mr. Schulman's defense. *See* ECF No. 308 at 42-45. But these witnesses are unavailable to Mr. Schulman due to the government's preindictment delay. *See id.* For this reason, and to level the evidentiary playing field, the government must be

4

limited in its ability to offer unfairly prejudicial testimony of the only Somali official that will testify.

Ms. Abrar's allegations of corruption against key exculpatory witnesses such as President Mohamud, Foreign Minister Adam, and Governor Omer will tarnish these unavailable witnesses in the eyes of the jury and cause unfair prejudice to Mr. Schulman. In the absence of the unavailable witnesses' testimony, the jury will be misled as to Mr. Schulman's authority to engage in asset recovery efforts by President Mohamud and affirmations of such authority by senior Somali officials. Ms. Abrar's testimony must be excluded.

Further, Ms. Abrar's testimony regarding her safety concerns and fear of possible retaliation by Mr. Amalo, Mr. Ganjab, and President Mohamud are not relevant to the Indictment and will cause unfair prejudice to Mr. Schulman if elicited at trial. Rule 403 is designed to guard against "jury emotionalism or irrationality" that would undoubtedly result from hearing Ms. Abrar's concerns for her safety that do not relate to Mr. Schulman or implicate him at all. Discussion of Ms. Abrar's safety concerns will cause grave, unfair prejudice to Mr. Schulman in the eyes of the jury and confuse the jury as to whom Ms. Abrar purportedly feared. Other remedies such as a limiting instruction would not cure the prejudice Ms. Abrar's testimony would cause. *See e.g.*, *Bruton v. United States*, 391 U.S. 123, 135 (1968) ("[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.") (*citing Jackson v. Denno*, 378 U.S. 368 (1964)).

## CONCLUSION

For the foregoing reasons, Mr. Schulman respectfully requests that this Court preclude the government from eliciting any testimony from Yussur Abrar at trial.

Dated: April 18, 2024	Respectfully submitted,

*/s/*                              
Paul W. Butler (*Pro Hac Vice*)
Allison T. Coffin (*Pro Hac Vice*)
Madeline M. Bardi (*Pro Hac Vice*)
*Counsel for Jeremy Wyeth Schulman*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:   pbutler@akingump.com
          acoffin@akingump.com
          mbardi@akingump.com


*/s/*                                      
Stanley E. Woodward (MD Bar No. 18115)
*Counsel for Jeremy Wyeth Schulman*
Brand Woodward Law
400 Fifth Street NW, Suite 350
Washington, DC 20001
Telephone:  (202) 996-7447
Fax:  (202) 996.0113
E-mail:   stanley@brandwoodwardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April 2024, I filed the foregoing Motion *in Limine* and Incorporated Memorandum of Law to Exclude Testimony of Yussur Abrar Pursuant to Fed. R. Evidence 403 with the Clerk of the Court for the U.S. District Court for the District of Maryland, using the Court's CM/ECF system. The CM/ECF system sent a "Notice of Electronic Filing" to all counsel of record who have entered an appearance in this matter.

Dated: April 18, 2024                    Respectfully submitted,

*/s/*
Paul W. Butler (*Pro Hac Vice*)
*Counsel for Jeremy Wyeth Schulman*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 887-4000
Fax: (202) 887-4288
E-mail: pbutler@akingump.com